TROUTMAN SANDERS LLP
Christopher Kadish (SBN 248714)
christopher.kadish@troutman.com
222 Central Park Ave., Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7597
Facsimile:  (757) 687-7510

Attorneys for Defendants
*Nationstar Mortgage LLC d/b/a Mr. Cooper; Nationstar Mortgage Holdings Inc.; Mr. Cooper Group Inc.; HSBC Bank USA, N.A. CTLA HSBC Bank USA, CORP Trust & Loan Agency; HSBC Bank USA N.A.; and Mortgage Electronic Registration Systems Inc.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Vien Phuong Thi Ho,<br><br>    Plaintiff,<br><br>  v.<br><br>Nationstar Mortgage, LLC. dba Mr. Cooper, Nationstar Mortgage Holdings Inc., Mr. Cooper Group Inc., HSBC Bank USA, N.A. CTLA HSBC Bank USA, CORP Trust & Loan Agency, HSBC Bank USA NA., Affinia Default Services, LLC, Mortgage Electronic Registration Systems, Inc, Does 1 to 10,<br><br>    Defendants. | Case No.  2:19-cv-10532-ODW-JRP<br><br>**DEFENDANTS NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, NATIONSTAR MORTGAGE HOLDINGS INC., MR. COOPER GROUP INC., HSBC BANK USA CORP TRUST, HSBC BANK, & MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS OR ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT**<br><br>Date:   June 29, 2020<br>Time:   1:30 p.m.<br>Place:    Courtroom 5D<br><br>**Complaint Served:** December 27, 2019 |

42436595v1

## I. INTRODUCTION

Continuing her years-long pattern of frivolous litigation, Plaintiff Vien Phuong Thi Ho ("Plaintiff") now brings her meritless Motion for Judgment on the Pleadings, or Alternatively, Motion for Summary Judgment (the "Motion"). Defendants Nationstar Mortgage LLC d/b/a Mr. Cooper, *erroneously named as* Nationstar Mortgage, LLC dba Mr. Cooper, Nationstar Mortgage Holdings Inc., and Mr. Cooper Group Inc.; HSC Bank USA, N.A., *erroneously named as* HSBC Bank USA, N.A. CTLA HSBC Bank USA, Corp Trust and Loan Agency and HSBC Bank USA NA; and Mortgage Electronic Registration Systems, Inc. ("MERS") (together, "Defendants"), filed an Answer denying Plaintiff's allegations entirely and asserted numerous valid affirmative defenses. Nonetheless, Plaintiff ignores both the facts of the case and well-settled law to pursue her current Motion. As explained below, Plaintiff's Motion is both procedurally and substantively defective, and should be denied.

## II. STATEMENT OF FACTS

On June 25, 2007, Plaintiff executed an Interest-Only Adjustable Rate Note for $548,000 ("Note") in favor of Countrywide Bank, FSB (the "Refinance Loan") to refinance real property located at 2620 Fashion Avenue, Long Beach, California, 90810 ("Property").[1] On June 25, 2007, she executed a Deed of Trust ("DOT"), which secured the Note in connection with the Property (Complaint, Ex. A.) The

---

[1] Including this case, Plaintiff has been involved in numerous bankruptcy proceedings and federal civil cases involving the Property. *See, e.g., Al Mczeal, et al. v. JP Morgan Chase Bank, N.A. et al.,* Case No. 2:11cv7739 (C.D. Cal. Sept. 19, 2011) (dismissed Plaintiff because Plaintiff's claims was a different transaction or occurrence); *Al McZeal et al. v. GB Inland Properties II, LLC,* Case No. 2:12cv5301 (C.D. Cal. June 18, 2012) (dismissed Plaintiff because the court had no jurisdiction to invalidate an unlawful detainer—a state law issue); *Lydia Hernandez et al. v. Federal Home Loan Mortgage Corporation et al.,* Case No. 2:12cv9561 (C.D. Cal. Nov. 7, 2012) (dismissed Plaintiff's class action complaint because Plaintiff's claims arose from completely different transactions); *In re Thi Vien Ho,* Case No. 10-42200 (Bankr. C.D. Cal. Aug. 2, 2010) (closing case on November 3, 2011 following chapter 7 discharge on January 11, 2011); *In re Thi Vien Ho,* Case No. 1131187 (Bankr. C.D. Cal. May 16, 2011) (dismissed chapter 7 case for lack of prosecution); *In re Thi Vien Ho,* Case No. 11-38573 (Bankr. C.D. Cal. July 1, 2011) (dismissed chapter 13 case and prohibited Plaintiff from filing any new bankruptcy petitions within 180 days of order).

DOT lists Countrywide Bank, FSB as the lender, ReconTrust Company, N.A. as the trustee, and MERS as the beneficiary, as nominee for Countrywide Bank, FSB, its successors and assigns.

In August 2008, Plaintiff stopped making payments on the Refinance Loan.

On or about November 22, 2010, MERS assigned the DOT to HSBC Bank USA, National Association, as trustee for the holders of Deutsche Alt-A Securities Mortgage Loan Trust, Series 2007-1 Mortgage Pass-Through Certificates, via a corporate assignment of deed of trust, recorded on November 24, 2010 as document number 20101710501. (Complaint, Ex. B.) The Refinance Loan was service transferred to Nationstar in December 2013. (Complaint, Ex. 1.)

After years on non-payment on the Refinance Loan, Defendant Affiana Default Services, as Trustee for the beneficiary of the Deed of Trust recorded as document number 20191174216 a Notice of Default and Election to Sell Under Deed of Trust. (Complaint, Ex. E.) In an effort to avoid enforcement of the valid DOT, Plaintiff filed this action.

## III. DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES ARE SUFFICIENT TO OVERCOME PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

### A. Legal Standard for Motion for Judgment on the Pleadings

Judgment on the pleadings is proper only when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law. *Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984). For the purposes of a motion for judgment on the pleadings, when brought by a plaintiff, the court must accept as true all well-pleaded allegations contained in the defendant's answer. *See Gen. Conference Corp. of* Seventh-*Day Adventists v. Seventh-Day Adventist Congregational Church (Seventh-Day)*, 887 F.2d 228, 230 (9th Cir. 1989) ("[A]

plaintiff is not entitled to judgement on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery.") "Similarly, if the defendant raises an affirmative defense in his answer it will usually bar judgment on the pleadings." *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1368 (1969)). Judgment on the pleadings may be granted notwithstanding Defendants' affirmative defenses only if Plaintiffs can establish "that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense[s] succeed." *SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995)

### B. Defendants' Answer Denies All Allegations That Plaintiff Must Prove to Recover on Her Claims

Defendants denied each paragraph pleaded in support of every one of Plaintiff's causes of action. For purposes of the motion for judgment on the pleadings, the Court must accept Defendant's denials as true. *Seventh-Day*, 887 F.2d at 230. Plaintiff cannot magically turn Defendants' objections to and denials of Plaintiff's poorly pleaded allegations into admissions supporting its Motion. Defendants rightfully denied essential elements pleaded under each of Plaintiff's claim, based on the facts as Defendants know and believe to be true. Plaintiff's Motion does not address any of the affirmative defenses raised, much less a showing that there are no questions of fact or law that undisputedly negate the defenses raised. This alone defeats Plaintiff's Motion.

## IV. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, TO THE EXTENT ONE IS BROUGHT, FAILS AS A MATTER OF LAW

Although not entirely clear, Plaintiff seems to be requesting the Court to convert her Motion — if necessary — into a motion for summary judgment pursuant to Rule 12(d). To the extent Plaintiff is requesting such a conversion, Plaintiff's efforts fail at the threshold for numerous procedural and substantive defects. First, as

for the procedural defects, Plaintiff fails to submit any extrinsic evidence with her Motion, and hence, negates the very purpose of the Rule 12(d) conversion mechanism. Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), ***matters outside the pleadings are presented*** to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.") (emphasis added). Plaintiff here submits no extrinsic evidence whatsoever with her Motion, and hence, no conversion is warranted or permitted under Rule 12(d).

Furthermore, Plaintiff failed to serve and lodge (1) a separate "Statement of Uncontroverted Facts and Conclusions of Law" and (2) a proposed judgment, as required by Local Rule 56-1. Indeed, Plaintiff's failure to provide a proper statement of uncontroverted facts, without more, is grounds for denial of the motion. *See Orr v. Bank of America, NT & SA,* 285 F.3d 764, 774-75 (9th Cir. 2002).

On a more substantive level, Plaintiff's alleged Motion for Summary Judgment is also fatally, and glaringly, flawed. Under the well-settled burden shifting standard of Rule 56, Plaintiff bears both an initial burden of production and the ultimate burden of persuasion of demonstrating that there is no genuine issue as to any material fact and that Plaintiff is entitled to judgment as a matter of law, *i.e.,* Plaintiff must establish beyond controversy every essential element of Plaintiff's thirteen claims. *See, e.g., Southern Cal. Gas Co. v. City of Santa Ana,* 336 F.3d 885, 888 (9th Cir. 2003) (as the party with the burden of persuasion at trial, the moving party must establish "beyond controversy every essential element of its [] claims."); *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1194 (5th Cir. 1986) ("If the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor.") (emphasis in original).

In order to satisfy this heavy burden, Plaintiff must submit admissible evidence, not mere conclusory allegations, establishing each essential element of her thirteen claims. *See Garcia v. City of Merced,* No. 1:07-CV-00867, 2009 WL 3157448, at *12 (E.D. Cal. Sep. 25, 2009) (on a motion for summary judgment, the moving party "must submit admissible evidence supporting his allegations"); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 327 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 254 (1986) ("In ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden."); *Orr v. Bank of America,* 285 F.3d 764, 773 (9th Cir. 2002) ("A trial court can only consider admissible evidence in ruling on a motion for summary judgment."); *In re Slatkin,* 525 F.3d 805, 811 (only admissible affidavits can be considered for purposes of summary judgment); *Shakur v. Schriro,* 415 F.3d 878, 889 (9th Cir. 2008) (same).

Here, Plaintiff makes no attempt to carry her burden of proving each essential element of her numerous claims. Plaintiff cannot even recite the legal elements that must be proved for her claims, much less submit any evidence proving those claims. Specifically, not a single declaration, discovery response, or judicially noticed fact is submitted in support of Plaintiff's alleged motion for summary judgment, let alone submitted with the proper foundation and authentication. *See e.g., Zaslow v. MCA Distributing Corp*., 693 F.2d 870, 883 (9th Cir. 1982) (to meet the requirements of Rule 56, documents "are required to be authenticated by affidavits or declarations of persons with personal knowledge through whom they could be introduced at trial."). Plaintiff's alleged Motion for Summary Judgment is supported solely by the same unintelligible and conclusory allegations found in Plaintiff's Complaint revolving around ambiguous claims regarding a "false lien," a "false loan." Absent any substantive evidence to support her allegations, Plaintiff's purported Motion for Summary Judgment should be denied.

## V. CONCLUSION

For the reasons stated above, Plaintiff cannot meet the standards required to prevail on her frivolous Motion. Defendants respectfully request that the Motion be denied in its entirety.

Dated: June 8, 2020　　　　　　　　　**TROUTMAN SANDERS LLP**

By:　s/*Christopher Kadish*
　　　Christopher Kadish

*Attorneys for Defendants, Nationstar Mortgage, LLC d/b/a Mr. Cooper; Nationstar Mortgage Holdings Inc.; Mr. Cooper Group Inc.; HSBC Bank USA, N.A. CTLA HSBC Bank USA, CORP Trust & Loan Agency; HSBC Bank USA N.A.; and Mortgage Electronic Registration Systems Inc.*

# **PROOF OF SERVICE**

I, Andrew J. W. Sabo, declare:

I am a citizen of the United States and employed in San Diego County, CA. I am over the age of 18 and not a party to the within action; my business address is 11682 El Camino Real, Suite 400, San Diego, CA 92130-2092.

On June 8, 2020, I served the following document(s) described as:

**DEFENDANTS NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, NATIONSTAR MORTGAGE HOLDINGS INC., MR. COOPER GROUP INC., HSBC BANK USA CORP TRUST, HSBC BANK, & MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS OR ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT**

☒ **BY MAIL**: As follows: I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Diego, CA, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT MAIL**: As follows: I am readily familiar with the firm's practice of collection and processing correspondence for overnight mailing. Under that practice, it would be deposited with overnight mail on that same day prepaid at San Diego, CA in the ordinary course of business.

☐ **BY ELECTRONIC MAIL**: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses, as last given or submitted on any document which he or she has filed in the case, listed on the attached service list.

**Vien Phuong Thi Ho**
2620 Fashion Avenue
Long Beach, CA 90810
562-354-1313
Pro Se Plaintiff

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on Monday, June 8, 2020, at San Diego, CA.

_____
Andrew J. W. Sabo

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092