TROUTMAN PEPPER HAMILTON SANDERS LLP
Christopher Kadish (SBN 248714)
christopher.kadish@troutman.com
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone:  757.687.7500
Facsimile:  757.687.7510

Attorneys for Defendants
Nationstar Mortgage LLC d/b/a Mr. Cooper
(*additionally—and erroneously—sued as Nationstar Mortgage Holdings Inc. and Mr. Cooper Group Inc.*); HSBC Bank USA, N.A. (*additionally—and erroneously—sued as HSBC Bank USA, N.A. CTLA HSBC Bank USA, CORP Trust & Loan Agency*); and Mortgage Electronic Registration Systems Inc.

TROUTMAN PEPPER HAMILTON SANDERS LLP
222 CENTRAL PARK AVENUE
SUITE 2000
VIRGINIA BEACH, VA 23462

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Vien Phuong Thi Ho,<br><br>          Plaintiff,<br><br>     v.<br><br>Nationstar Mortgage, LLC. dba Mr. Cooper, Nationstar Mortgage Holdings Inc., Mr. Cooper Group Inc., HSBC Bank USA, N.A. CTLA HSBC Bank USA, CORP Trust & Loan Agency, HSBC Bank USA NA., Affinia Default Services, LLC, Mortgage Electronic Registration Systems, Inc, Does 1 to 10,<br><br>          Defendants. | Case No. 2:19-cv-10532-ODW-JRP<br><br>[Dist. Judge Hon. Otis D. Wright, II]<br>[Mag. Judge Hon. Jean P. Rosenbluth]<br><br>**NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:          August 10, 2020<br>Time:          1:30 p.m.<br>Courtroom:   5D<br><br>Complaint Served: December 27, 2019<br><br>*[Filed concurrently with Defendants' Request for Judicial Notice, Declaration of Christopher Kadish, and [Proposed] Order]* |

## TO ALL PARTIES AND THEIR COUNSEL OF RECORD

**PLEASE TAKE NOTICE** that on August 10, 2020, at 1:30 p.m., or as soon thereafter as counsel may be heard, Defendants, Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar") (*additionally—and erroneously—sued as Nationstar*

*Mortgage Holdings Inc. and Mr. Cooper Group Inc.*); HSBC Bank USA, N.A. ("HSBC") (*additionally—and erroneously—sued as HSBC Bank USA, N.A. CTLA HSBC Bank USA, CORP Trust & Loan Agency*); and Mortgage Electronic Registration Systems, Inc. ("MERS" collectively, with Nationstar and HSBC, "Defendants"), by counsel, pursuant to Federal Rule of Civil Procedure 12(c), will bring for hearing a motion for judgment on the pleadings to dismiss the claims alleged against it by Plaintiff, Vien Phuong Thi Ho ("Plaintiff") in Plaintiff's Complaint with prejudice. The hearing will be before the Honorable Otis D. Wright II, United States District Judge, in Courtroom 5D of the United States Courthouse located at 350 West 1st Street, Los Angeles, California 90012.

Defendants are entitled to judgment on the pleadings because the Complaint fails to state facts sufficient to constitute a cause of action against Defendants for various reasons including, but not limited to, Plaintiff's claims being barred by the doctrine of *res judicata* and Plaintiff failing to allege facts sufficient to support all causes of action.

Further, the Court should dismiss the entire Complaint with prejudice because no amendment can cure the fatal deficiencies in the Complaint.

This Motion is based on this Notice of Motion and Motion, and the accompanying Memorandum of Points and Authorities filed concurrently herewith, as well as the papers, pleadings, and other documents on file in this action, matters properly subject to judicial notice, and such other and further oral or documentary evidence as may be presented at or before the hearing.

Defendants make this motion following a conference pursuant to L.R. 7-3 which took place on July 1, 2020.

TROUTMAN PEPPER HAMILTON SANDERS LLP
222 CENTRAL PARK AVENUE
SUITE 2000
VIRGINIA BEACH, VA 23462

NOTICE AND MOTION
108713565v3
- 2 -
MOTION FOR JUDGMENT
ON THE PLEADINGS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dated:     July 9, 2020        TROUTMAN PEPPER HAMILTON SANDERS LLP

By:  */s/ Christopher Kadish*
Christopher Kadish

Attorneys for Defendants
Nationstar Mortgage LLC d/b/a Mr.
Cooper; HSBC Bank USA, N.A.; and
Mortgage Electronic Registration Systems
Inc.

TROUTMAN PEPPER HAMILTON SANDERS LLP
222 CENTRAL PARK AVENUE
SUITE 2000
VIRGINIA BEACH, VA 23462

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................. 1

FACTUAL AND PROCEDURAL BACKGROUND ........................................ 2

APPLICABLE STANDARD OF REVIEW ...................................................... 4

ARGUMENT ...................................................................................................... 5

I.     Res Judicata Applies ......................................................................... 5

     A.     Application ............................................................................ 5

     B.     Final Judgment in Federal Action ...................................... 7

     C.     Privity Between the Parties .................................................. 8

II.     Plaintiff Fails to State a Cause of Action ........................................ 8

     A.     The Court Must Dismiss Plaintiff's Causes of Action for
             Fraud .................................................................................... 9

     B.     Plaintiff's Federal Fair Debt Collections Practices Act
             ("FDCPA") and California's Rosenthal Fair Debt
             Collections Practices Act ("Rosenthal Act") Allegations ........ 13

     C.     Plaintiff's RICO Allegation ............................................... 15

     D.     Plaintiff's Request for Declaratory Relief ........................ 18

     E.     Plaintiff's Negligence Claims Fail ..................................... 19

     F.     Plaintiff's Claim for Civil Conspiracy Fails ...................... 20

     G.     Plaintiff's Complaint for Cancellation of Instruments ............. 21

     H.     Plaintiff's Invasion of Privacy and Unjust Enrichment
             Cause .................................................................................. 22

     I.     Plaintiff is Not Entitled to Punitive Damages ................... 24

CONCLUSION ................................................................................................. 25

TROUTMAN PEPPER HAMILTON SANDERS LLP
222 CENTRAL PARK AVENUE
SUITE 2000
VIRGINIA BEACH, VA 23462

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Aluminum v. Hunter Eng'g Co.*,
  655 F.2d 938 (9th Cir. 1981) ................................................................. 18

*Amelina v. Mfrs. & Traders Tr. Co.*,
  No. 14cv1906 WQH (NLS), 2015 U.S. Dist. LEXIS 155372 (S.D.
  Cal. Nov. 17, 2015) ............................................................................ 14

*Apostol v. CitiMortgage, Inc.*,
  No. 13-cv-01983-WHO, 2013 WL 6328256 (N.D. Cal. Nov. 21,
  2013) ..................................................................................................... 8

*Arenas v. Countrywide Home Loans, Inc.*,
  No. 08-cv-1948, 2009 U.S. Dist. LEXIS 656 (S.D. Cal. Jan. 7,
  2009) ................................................................................................... 15

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .............................................................................. 4

*Baisa v. Indymac Fed. Bank*,
  No. CIV. 2:09-1464, 2010 WL 444880 (E.D. Cal. Feb. 2, 2010) ............... 14, 19

*Barker v. Default Resolution Network*,
  No. C 08-2898, 2009 WL 593634 (N.D. Cal. Mar. 5, 2009) .......................... 10

*Barron v. Reich*,
  13 F.3d 1370 (9th Cir. 1994) ................................................................... 3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ...................................................................... 4, 10, 17

*Castaneda v. Saxon Mortg. Servs.*,
  687 F. Supp. 2d 1191 (E.D. Cal. 2009) ...................................................... 20

*Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,
  459 U.S. 519 (1983) ............................................................................ 19

*Milne ex rel. Coyne v. Stephen Slesinger, Inc.*,
  430 F.3d 1036 (9th Cir. 2005) ................................................................. 5

TROUTMAN PEPPER HAMILTON SANDERS LLP
222 CENTRAL PARK AVENUE
SUITE 2000
VIRGINIA BEACH, VA 23462

*Danielsen v. Burnside-Off Aviation Training Center, Inc.*,
    941 F.2d 1220 (D.C. Cir. 1991) ........................................................................ 18

*Davis v. Hollins Law, P.C.*,
    832 F.3d 962 (9th Cir. 2016) ........................................................................... 14

*De La Cerra Frances v. De Anda*,
    223 Fed. Appx. 637 (9th Cir. 2007) ................................................................ 12

*Eminence Capital LLC v. Aspeon, Inc.*,
    316 F.3d 1048 (9th Cir. 2003) ........................................................................... 5

*Fields v. Bank of N.Y. Mellon*,
    No. 17-cv-00272-JST, 2017 WL 1549464 (N.D. Cal. May 1, 2017) .................. 7

*Grieves v. MTC Fin., Inc.*,
    No. 17-CV-01981-LHK, 2017 WL 3142179 (N.D. Cal. July 25,
    2017) .................................................................................................................. 7

*Harris County Texas v. MERSCORP Inc.*,
    791 F.3d 545 (5th Cir. 2015) ........................................................................... 18

*Heliotrope Gen., Inc. v. Ford Motor Co.*,
    189 F.3d 971 (9th Cir. 1999) ............................................................................. 3

*Izenberg v. ETS Services*,
    589 F. Supp. 2d 1193 (C.D. Cal. 2008) ............................................................ 16

*Janson v. Deutsche Bank Nat'l Trust Co.*,
    No. 14-cv-05639 JSC, 2015 WL 1250092 (N.D. Cal. Mar. 18,
    2015) .................................................................................................................. 6

*Johnson v. Home State Bank*,
    501 U.S. 78 (1991) ............................................................................... 3, 10, 21

*Lee v. Thornburg Mortg. Home Loans Inc.*,
    No. 14-cv-00602 NC, 2014 WL 4953966 (N.D. Cal. Sept. 29,
    2014) .................................................................................................................. 8

*Lowden v. T-Mobile USA Inc.*,
    378 Fed.App'x. 693 (9th Cir. 2010) ................................................................... 4

*Mahaney v. Warren Cty.*,
    206 F.3d 770 (8th Cir. 2000) ........................................................................... 21

TROUTMAN PEPPER HAMILTON SANDERS LLP
222 CENTRAL PARK AVENUE
SUITE 2000
VIRGINIA BEACH, VA 23462

MEMORANDUM OF POINTS AND
AUTHORITIES
108713565v3
- iii -
MOTION FOR JUDGMENT ON THE
PLEADINGS

*Marks v. Ocwen Loan Servicing*,
    No. C 07-2133, 2009 U.S. Dist. LEXIS 35251 (N.D. Cal. Apr. 10,
    2009) ................................................................................................................ 20

*Marquez v. U.S. Bank, N.A.*,
    No. LA CV15-06658 JAK, 2016 U.S. Dist. LEXIS 65051 (C.D.
    Cal. May 16, 2016) ........................................................................................... 7

*Moreno v. Citibank, N.A.*,
    2010 U.S. Dist. LEXIS 25955 (N.D. Cal. Mar. 19, 2010) ................................. 19

*Mortg. Elec. Registration Sys. v. Robinson*,
    No. CV 13-7142 PSG, 2015 U.S. Dist. LEXIS 30464 (C.D. Cal.
    Feb. 27, 2015) .................................................................................................. 22

*O'Connor v. JP Morgan Chase*,
    No. 4:14-cv-00178-KAW, 2014 U.S. Dist. LEXIS 74084 (N.D.
    Cal. May 29, 2014) ........................................................................................... 22

*Owens v. Kaiser Found. Health Plan, Inc.*,
    244 F.3d 708 (9th Cir. 2001) ............................................................................. 5

*Pareto v. FDIC*,
    139 F.3d 696 (9th Cir. 1998) ........................................................................ 5, 10

*Parker & Parsely Petroleum Co. v. Dresser Industries*,
    972 F.2d 580 (5th Cir. 1992) ............................................................................ 17

*Pineda v. Saxon Mortgage Services*,
    No. 08-1187, 2008 U.S. Dist. LEXIS 102439 (C.D. Cal. Dec. 10,
    2008) ................................................................................................................ 15

*Poulson v. Bank of Am. N.A.*,
    No. ED CV 14-1534 FMO, 2015 WL 756949 (C.D. Cal. Feb. 23,
    2015), *aff'd*, 675 F.App'x. 650 (9th Cir. 2017) ................................................. 6

*Putkurri v. Recontrust Co.*,
    No. 08-cv1919, 2009 U.S. Dist. LEXIS 32 (S.D. Cal. Jan. 5, 2009) ................. 15

*Quaknine v. MacFarlane*,
    897 F.2d 75 (2d. Cir. 1990) ............................................................................. 17

TROUTMAN PEPPER HAMILTON SANDERS LLP
222 CENTRAL PARK AVENUE
SUITE 2000
VIRGINIA BEACH, VA 23462

*Ratliff v. Mortg. Store Fin., Inc.*,
   No. 17-cv-02155-EMC, 2017 U.S. Dist. LEXIS 196372 (N.D. Cal.
   Nov. 29, 2017) ......................................................................................... 6

*Resolution Trust Corp. v. Keating*,
   186 F.3d 1110 (9th Cir. 1999) ............................................................... 17

*Roberts v. Corrothers*,
   812 F.2d 1173 (9th Cir. 1987) ........................................................... 5, 10

*Rosales v. Downey Savings & Loan Ass'n, F.A.*,
   No. 09-cv39, 2009 U.S. Dist. LEXIS 15923 (S.D. Cal March 2,
   2009) ................................................................................................. 15, 16

*Shepherd v. Am. Home Mortg. Servs.*,
   2009 U.S. Dist. LEXIS 108523 (E.D. Cal. Nov. 20, 2009) ................... 19

*Solis v. Nat'l Default Servicing Corp.*,
   No. 17-CV-00449-LHK, 2017 WL 1709355 (N.D. Cal. May 3,
   2017) ......................................................................................................... 6

*Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*,
   298 F.3d 1137 (9th Cir. 2002) ............................................................. 5, 8

*Sw. Airlines Co. v. Tex. Int'l Airlines, Inc.*,
   546 F.2d 84 (5th Cir. 1977) ..................................................................... 8

*United States v. Schimmels (In re Schimmels)*,
   127 F.3d 875 (9th Cir. 1997) ................................................................... 8

*United States v. Turkette*,
   452 U.S. 576 (1981) ............................................................................... 16

*Vargas v. Recontrust Co.*,
   No. 08-1683, 2008 U.S. Dist. LEXIS 100115 (E.D. Cal. Dec. 1,
   2008) ....................................................................................................... 17

**California Cases**

*Beckwith v. Dahl*,
   205 Cal. App. 4th 1039 (2012) ............................................................... 11

*Berg & Berg Enters., LLC v. Sherwood Partners, Inc.*,
   131 Cal. App. 4th 802 (2005) ................................................................. 20

TROUTMAN PEPPER HAMILTON SANDERS LLP
222 CENTRAL PARK AVENUE
SUITE 2000
VIRGINIA BEACH, VA 23462

*Berkley v. Dowds*,
   152 Cal. App. 4th 518 (2007)................................................................24

*Billings v. Farm Dev. Co.*,
   74 Cal. App. 254 (Dist. Ct. App. 1925)..................................................9

*Boeken v. Philip Morris USA, Inc.*,
   48 Cal. 4th 788 (2010)............................................................................7

*Brousseau v. Jarrett*,
   73 Cal. App. 3d 864 (App. 3d Dist. 1977) ...........................................24

*Castro v. Barry*,
   79 Cal. 443 (1889)................................................................................21

*Choate v. Cty. of Orange*,
   86 Cal. App. 4th 312 (2000)..................................................................20

*Commonwealth Mortg. Assurance Co. v. Superior Court*,
   211 Cal. App. 3d 508 (1989)................................................................11

*Dotson v. Int'l Life Ins. Co.*,
   89 Cal. App. 653 (Dist. Ct. App. 1928)................................................13

*Engalla v. Permanente Med. Group, Inc.*,
   15 Cal. 4th 951 (1997)............................................................................9

*Fladeboe v. Am. Isuzu Motors, Inc.*,
   150 Cal. App. 4th 42 (2007)....................................................................9

*Fleming v. Kagan*,
   189 Cal.App.2d 791 (1961)....................................................................21

*Fontenot v. Wells Fargo Bank, N.A.* (2011)
   198 Cal.App.4th 272..........................................................................12, 17

*G. D. Searle & Co. v. Superior Court*,
   49 Cal. App. 3d 22 (1975).....................................................................24

*Gilles v. JPMorgan Chase Bank, N.A.*,
   7 Cal. App. 5th 907, 914 (2017)..............................................................6

*Goldrich v. Natural Y Surgical Specialties*,
   25 Cal. App. 4th 772 (1994)....................................................................9

TROUTMAN PEPPER HAMILTON SANDERS LLP
222 CENTRAL PARK AVENUE
SUITE 2000
VIRGINIA BEACH, VA 23462

*Gomes v. Countrywide Home Loans, Inc.*,
  192 Cal. App. 4th 1149 (2011)...................................................................12

*Hill v. Nat'l Collegiate Athletic Ass'n*,
  7 Cal. 4th 1 (1994)........................................................................................23

*Jolly v. Eli Lilly & Co.*,
  44 Cal. 3d 1103, 245 Cal. Rptr. 658, 751 P.2d 923 (1988)........................24

*Lazar v. Superior Court*,
  12 Cal. 4th 631 (1996)...............................................................................9, 10

*M.F. Farming, Co. v. Couch Distrib. Co., Inc.*,
  207 Cal.App.4th 180 (2012).........................................................................21

*Mendoza v. City of Los Angeles*,
  66 Cal.App.4th 1333 (1998).........................................................................19

*Mycogen Corp. v. Monsanto Co.*,
  28 Cal. 4th 888 (2002)....................................................................................7

*Nagy v. Nagy*,
  210 Cal. App. 3d 1262 (1989).......................................................................12

*Nymark v. Heart Fed. Sav. & Loan Ass'n*,
  231 Cal. App. 3d 1089 (1991).......................................................................19

*Ratcliff Architects v. Vanir Constr. Mgmt., Inc.*,
  88 Cal. App. 4th 595 (2001)..........................................................................18

*Schroeder v. Auto Driveaway Co.*,
  11 Cal. 3d 908 (1974)....................................................................................12

*Siliga v. Mortg. Elec. Registration Sys., Inc.*,
  219 Cal. App. 4th 75 (2013).............................................................12, 17, 22

*Smith v. Superior Court*,
  10 Cal. App. 4th 1033 (1992).........................................................................24

*Tarmann v. State Farm Mut. Auto. Ins. Co.*,
  2 Cal. App. 4th 153 (1991)............................................................................10

*Wildey v. Seaver*,
  111 Cal. App. 565 (Dist. Ct. App. 1931).......................................................11

TROUTMAN PEPPER HAMILTON SANDERS LLP
222 CENTRAL PARK AVENUE
SUITE 2000
VIRGINIA BEACH, VA 23462

MEMORANDUM OF POINTS AND
AUTHORITIES
108713565v3

MOTION FOR JUDGMENT ON THE
PLEADINGS

*Wilhelm v. Pray, Price, Williams & Russell,*
    186 Cal. App. 3d 1324 (1986) ................................................................... 9

*Zakaessian v. Zakaessian,*
    70 Cal.App.2d 721 (1945) ......................................................................... 21

**Federal Statutes**

11 U.S.C.
    § 522(c)(2) ............................................................................................ 3, 21
    § 524(a)(1) ............................................................................................ 3, 21

15 U.S.C.
    § 1692(a)(6) ............................................................................................... 14
    § 1692a(6) ................................................................................................. 13

42 U.S.C.
    § 1985 .......................................................................................................... 3

California's Unfair Competition Law ............................................................. 2

FDCPA, 18 U.S.C.
    § 241 ................................................................................................ 3, 13, 14

Federal Fair Debt Collections Practices Act ............................................... 13

Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C.
    § 2201 (iv) .................................................................................................. 1

Rosenthal Fair Debt Collection Practices Act ............................... 1, 13, 14

**California Statutes**

Cal. Civ. Code
    § 1709 .......................................................................................................... 9

Cal. Civ.Code
    § 1934 ........................................................................................................ 19

Cal. Civ. Code
    § 2924f(b)(3) ............................................................................................. 23

TROUTMAN PEPPER HAMILTON SANDERS LLP
222 CENTRAL PARK AVENUE
SUITE 2000
VIRGINIA BEACH, VA 23462

MEMORANDUM OF POINTS AND
AUTHORITIES
108713565v3
- viii -
MOTION FOR JUDGMENT ON THE
PLEADINGS

California Civil Code

§ 3294 ................................................................................................................ 24
§ 3412 ................................................................................................................ 21

TROUTMAN PEPPER HAMILTON SANDERS LLP
222 CENTRAL PARK AVENUE
SUITE 2000
VIRGINIA BEACH, VA  23462

TROUTMAN PEPPER HAMILTON SANDERS LLP
222 CENTRAL PARK AVENUE
SUITE 2000
VIRGINIA BEACH, VA 23462

**INTRODUCTION**

This is yet another in a string of bankruptcies and lawsuits that Plaintiff, Vien Phuong Thi Ho, has filed over the course of more than a decade in her attempt to delay a lawful foreclosure pursuant to a valid security deed based on an undisputed payment default.[1] Plaintiff brings causes of action against Defendants, Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar") (*additionally—and erroneously— sued as Nationstar Mortgage Holdings Inc. and Mr. Cooper Group Inc.*); HSBC Bank USA, N.A. ("HSBC") (*additionally—and erroneously—sued as HSBC Bank USA, N.A. CTLA HSBC Bank USA, CORP Trust & Loan Agency*); and Mortgage Electronic Registration Systems, Inc. ("MERS" collectively, with Nationstar and HSBC, "Defendants"), for a laundry-list of claims, typifying a shotgun pleading, including: (i) Fraud, (ii) violation of Fair Debt Collection Practices Act, 15 U.S.C. 1692, (iii) Violation of Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 2201, (iv) Declaratory Judgment Act, (v) Negligence, (vi) Cancellation of Written Instruments under Civil Code § 3412, (vii) Unjust Enrichment, (viii) Violation of Rosenthal Fair Debt Collection Practices Act, and (iv) Civil Conspiracy.

First, the doctrine of *res judicata* bars Plaintiff's claims, as this case involves the same nucleus of operative facts as to prior actions decided on the merits by a court of competent jurisdiction.

Second, Plaintiff simply fails to present a single viable claim. Ultimately, the fact remains the pending foreclosure is a result of Plaintiff's failure to make timely payments on the loan; not a result of any wrongdoing by Defendants.

For the reasons set forth in this Motion for Judgment on the Pleadings (the "Motion"), this action fails as a matter of law. The deficiencies explained *infra*

---

[1] Defendants' Opposition to Plaintiff's Motion for Judgment on the Pleadings (the "MJOP Opposition") includes a detailed litigation history of Plaintiff's involvement in bankruptcy proceedings and federal civil cases related to the Subject Property. *See* Dkt. No. 54 at 2 n.1.

require the Court award Defendants judgment on the pleadings. Plaintiff's causes of action are not actionable, no amendment can cure this deficiency. Therefore, the Court should grant this Motion and dismiss all of Plaintiff's claims—with prejudice—pursuant to Federal Rule of Civil Procedure ("FRCP") 12(c).

## FACTUAL AND PROCEDURAL BACKGROUND

On June 25, 2007, Plaintiff executed an Interest-Only Adjustable Rate Note for $548,000 ("Note") in favor of Countrywide Bank, FSB (the "Refinance Loan") to refinance real property located at 2620 Fashion Avenue, Long Beach, California, 90810 ("Subject Property"). On June 25, 2007, she executed a Deed of Trust ("DOT"), which secured the Note in connection with the Subject Property. Dkt. No. 1 at 76-97. The DOT lists Countrywide Bank, FSB as the lender, ReconTrust Company, N.A. ("ReconTrust") as the trustee, and MERS as the beneficiary, as nominee for Countrywide Bank, FSB, its successors and assigns.

In August 2008, Plaintiff stopped making payments on the Refinance Loan. On or about November 22, 2010, MERS assigned the DOT to HSBC Bank USA, National Association, as trustee for the holders of Deutsche Alt-A Securities Mortgage Loan Trust, Series 2007-1 Mortgage Pass-Through Certificates, via a corporate assignment of deed of trust, recorded on November 24, 2010, as document number 20101710501. *Id.* at 99-100.

Plaintiff filed an initial complaint on February 2, 2010, in the United States District Court, Central District of California, *Vien Phuong Thi Ho v. Bank of America N.A. et al.,* Case No. 2:10-cv-00741 (the "Prior Case"), alleging 21 claims against Bank of America, N.A. ("BofA"), Countrywide Home Loans, Inc. ("Countrywide"), and ReconTrust related to loan origination, loan servicing, and foreclosure.[2] *See*

<hr/>

[2] Plaintiff's complaint asserted a host of causes of action against Defendants, including violations of the Fair Debt Collection Practices Act ("FDCPA"), TILA, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), California's Unfair Competition Law ("UCL"), and Plaintiff's civil rights, as well as various common

TROUTMAN PEPPER HAMILTON SANDERS LLP
222 CENTRAL PARK AVENUE
SUITE 2000
VIRGINIA BEACH, VA 23462

Request for Judicial Notice in Support of Motion for Judgment on the Pleadings[3] ("RJN"), Ex. 1 (Prior Case docket downloaded from PACER).

Plaintiff's claims were dismissed on July 13, 2010, re-pleaded, and revived on appeal. *See Id.* at Nos. 35 (Court Order dismissing TILA damages, FDCPA, 18 U.S.C. § 241 claim, civil conspiracy, and injunctive relief claims without leave to amend while dismissing Plaintiff's fraud, TILA rescission, RICO, RICO conspiracy, 42 U.S.C. § 1985 claim, negligence, breach of contract, breach of implied covenant, tortious interference, deceptive trade practices, unjust enrichment, trespass, and declaratory relief claims with leave to amend); 46 (Plaintiff's Third Amended Complaint filed September 7, 2010); 47 (Motion to Dismiss Plaintiff's Third Amended Complaint filed September 21, 2010); 55 (dismissal of Plaintiff's Third Amended Complaint entered November 8, 2010); 56 (Notice of Appeal filed December 1, 2010).

During the course of the Prior Case, Plaintiff filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code on August 2, 2010, in the U.S. Bankruptcy Court, Central District of California, *In re Thi Vien Ho*, Case No. 2:10-bk-42200-RN (the "2010 Bankruptcy Case"), subsequently obtaining a discharge on January 11, 2011. RJN, Ex. 2 (2010 Bankruptcy Case docket downloaded from PACER). The discharge only extinguished Plaintiff's *personal liability*, but a creditor's "right to foreclose on the mortgage survives or passes through the bankruptcy." *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991); *See* 11 U.S.C. § 524(a)(1); 11 U.S.C. § 522(c)(2). As such, Plaintiff needed to continue to

---

law claims for fraud, negligence, quiet title, and unjust enrichment.

[3] "When considering a motion for judgment on the pleadings, this court may consider facts that 'are contained in materials of which the court may take judicial notice.'" *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (citing *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994) (citations omitted)).

TROUTMAN PEPPER HAMILTON SANDERS LLP
222 CENTRAL PARK AVENUE
SUITE 2000
VIRGINIA BEACH, VA 23462

make payments on the mortgage to prevent a creditor from proceeding with foreclosure.

On December 1, 2013, BofA service transferred the Refinance Loan to Nationstar. Dkt. No. 1 at 115-122.

On appeal, the Ninth Circuit remanded Plaintiff's TILA rescission claim and affirmed the Court's dismissal of all other claims. RJN, Ex. 1 at No. 75 (Ninth Circuit Amended Opinion entered May 22, 2017).

Bank of America N.A. moved for summary judgment on the remaining TILA claim on November 27, 2018. *Id.* at No. 131. On December 14, 2018, the Parties agreed to a joint stipulation of dismissal. *Id.* at No. 138.

After more than a decade of non-payment on the Refinance Loan, Defendant Affiana Default Services, as Trustee for the beneficiary of the Deed of Trust recorded a Notice of Default and Election to Sell Under Deed of Trust as document number 20191174216. Dkt. No. 1 at 109-113. Attempting to avoid enforcement of the valid DOT, Plaintiff filed this action.

## **APPLICABLE STANDARD OF REVIEW**

The Federal Rules of Civil Procedure ("FRCP") state that "[a]fter the pleadings are closed…a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard for a motion for judgment on the pleadings is the same standard articulated for a motion to dismiss pursuant to Rule 12(b)(6) of the FRCP. As such, the standard set forth in in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), applies to the instant Motion. *Lowden v. T-Mobile USA Inc.*, 378 Fed.App'x. 693, 694 (9th Cir. 2010).

Although, the Court must accept all well-pleaded facts in the Complaint as true and draw all reasonable inferences in favor of the plaintiff in deciding a Rule 12(c) motion, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Legal conclusions and

TROUTMAN PEPPER HAMILTON SANDERS LLP
222 CENTRAL PARK AVENUE
SUITE 2000
VIRGINIA BEACH, VA 23462

conclusory allegations, even if presented as facts, are insufficient to defeat a motion to dismiss. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

A judgment on the pleadings motion is appropriate when, accepting the allegations in the complaint as true, the moving party is entitled to judgment as a matter of law. *Milne ex rel. Coyne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1042 (9th Cir. 2005). Dismissal with prejudice is appropriate when amendment would be futile. *Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003) (citations omitted).

Based upon Plaintiff's pleading and judicially noticeable facts, Nationstar moves for judgment on the entirety of Plaintiff's Complaint or, in the alternative, individual causes of action, pursuant to FRCP Rule 12(c).

## ARGUMENT

### I.   RES JUDICATA APPLIES

"Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1142 n.3 (9th Cir. 2002) (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)).

#### A.   Application

"Identity of Claims" occurs when the subsequent lawsuit arises from "the same transactional nucleus of facts." *Owens*, 244 F.3d at 714. The primary right Plaintiff asserts in the instant matter is the same as the right she asserted in the Prior Case: her right to the Subject Property. The alleged wrong she claims here is the same as the one she claimed there: that the defendants seek to foreclose on the Subject Property without (so Plaintiff claims) having a right to do so. *Compare* RJN, Ex. 1 at No. 96 *with* Dkt. 1. The relief she seeks here is the same as the relief she sought there: that the defendants be barred from foreclosing on the Subject Property, that the Note and

TROUTMAN PEPPER HAMILTON SANDERS LLP
222 CENTRAL PARK AVENUE
SUITE 2000
VIRGINIA BEACH, VA 23462

Deed of Trust be cancelled or rescinded, and that she be awarded full title to the Subject Property herself.

Regardless of how Plaintiff might modify the factual predicate for her complaints (*e.g.,* claiming in her prior action that the Note and Deed of Trust are unenforceable because of fraud and TILA violations), the underlying primary right she claims is the same right in both her suits. *See Ratliff v. Mortg. Store Fin., Inc.*, No. 17-cv-02155-EMC, 2017 U.S. Dist. LEXIS 196372, at *18-19 (N.D. Cal. Nov. 29, 2017) (rejecting attempts by borrower who brought successive litigations to avoid res judicata by pleading different factual predicates for why defendants could not foreclose on deed of trust, as the [primary right] inquiry turns on [plaintiff]s right to be free from a particular injury, regardless of the legal theory on which liability is based) (*quoting Gilles v. JPMorgan Chase Bank, N.A.,* 7 Cal. App. 5th 907, 914 (2017)). Courts in this district and elsewhere have uniformly held that successive litigations challenging mortgages and foreclosures like the ones here involve the same primary right. *See, e.g., Id.; Solis v. Nat'l Default Servicing Corp.*, No. 17-CV-00449-LHK, 2017 WL 1709355, at *6 (N.D. Cal. May 3, 2017); *Janson v. Deutsche Bank Nat'l Trust Co.*, No. 14-cv-05639 JSC, 2015 WL 1250092, at *8 (N.D. Cal. Mar. 18, 2015); *Poulson v. Bank of Am. N.A.,* No. ED CV 14-1534 FMO (JPRx), 2015 WL 756949, at *4 (C.D. Cal. Feb. 23, 2015), *aff'd*, 675 F.App'x. 650 (9th Cir. 2017).

Plaintiff argues that, in addition to challenging the original loan transaction, she is also challenging ... instruments that recorded anywhere from one to ten years after [her first litigation]. Plaintiff's claims regarding these later-created documents, such as later-created assignments of the Deed of Trust, are derivative of, and depend on, her allegation that the original loan transaction was unlawful and that the original Note and Deed of Trust are void. As courts have held in similar circumstances, simply alleging the existence of later-created mortgage documents is insufficient to take a case out of the scope of res judicata where the same primary right is at issue in both

TROUTMAN PEPPER HAMILTON SANDERS LLP
222 CENTRAL PARK AVENUE
SUITE 2000
VIRGINIA BEACH, VA 23462

actions. *See, e.g., Grieves v. MTC Fin., Inc.*, No. 17-CV-01981-LHK, 2017 WL 3142179, at *11 (N.D. Cal. July 25, 2017) (plaintiff cannot avoid res judicata by tacking on new allegations regarding foreclosure documents recorded after the ... prior action) (internal brackets omitted) (quoting *Fields v. Bank of N.Y. Mellon*, No. 17-cv-00272-JST, 2017 WL 1549464, at *2 (N.D. Cal. May 1, 2017)).

The first res judicata element is satisfied.

**B.    Final Judgment in Federal Action**

"Under California law, 'for purposes of applying the doctrine of res judicata…a dismissal with prejudice is the equivalent of a final judgment on the merits.'" *Marquez v. U.S. Bank, N.A.*, No. LA CV15-06658 JAK, 2016 U.S. Dist. LEXIS 65051, at *15 (C.D. Cal. May 16, 2016) (quoting *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 793 (2010)). "Under the doctrine of res judicata…a judgment for the defendant serves as a bar to further litigation of the same cause of action." *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896-97 (2002).

In *Boeken*, the California Supreme Court affirmed a lower court's ruling that res judicata applied where a plaintiff dismissed an action with prejudice, "even where the record did not show the reason for dismissal." *Marquez*, 2016 U.S. Dist. LEXIS 65051 at *15 (citing *Boeken*, 48 Cal. 4th at 793).

As noted *supra*, Plaintiff dismissed the Prior Case with prejudice. *See* RJN, Ex. 1 at No. 139. Therefore, the Court should find that there was a final judgment issued in the Prior Case that precludes the instant matter.

Every single cause of action in the Complaint predates the Prior Case. Plaintiff sets forth no allegations to support any inference that shows why Plaintiff could not bring her alleged causes of action during the Prior Case and, as such, the final judgment of the dismissal with prejudice would apply to Plaintiff's causes of action in the Complaint.

## C.     Privity Between the Parties

"Privity between parties exists when a party is 'so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved.'" *Stratosphere Litig. L.L.C.*, 298 F.3d at 1142 n.3 (quoting *United States v. Schimmels (In re Schimmels)*, 127 F.3d 875, 881 (9th Cir. 1997)). "Federal courts have deemed several types of relationships 'sufficiently close' to justify preclusion. First, a non-party who has succeeded to a party's interest in property is bound by any prior judgments against the party." *Sw. Airlines Co. v. Tex. Int'l Airlines, Inc.*, 546 F.2d 84, 95 (5th Cir. 1977).

Here, Plaintiff is asserting the same rights she was asserting in the prior Federal Action. All the defendants in this action took their interest from the defendants in the prior Federal Action. *See, e.g., Apostol v. CitiMortgage, Inc.,* No. 13-cv-01983-WHO, 2013 WL 6328256, at *5 (N.D. Cal. Nov. 21, 2013) (finding MERS in privity for res-judicata purposes with defendant named in prior lawsuit where MERS had assigned the deed of trust to that defendant); *Lee v. Thornburg Mortg. Home Loans Inc.,* No. 14-cv-00602 NC, 2014 WL 4953966, at *6 (N.D. Cal. Sept. 29, 2014) (plaintiff's allegations that defendants did not properly assign interest in mortgage amongst each other demonstrates a commonality of interest between the defendants for purposes of res judicata). Plaintiff cannot dispute that the defendants are in privity. The third res-judicata element is therefore satisfied here.

Plaintiff's claims are barred by *res judicata*, and no amendment of the Complaint can remedy this failure. Therefore, Defendants respectfully request the Court grant this Motion and dismiss every one of Plaintiff's causes of action with prejudice.

## II.     PLAINTIFF FAILS TO STATE A CAUSE OF ACTION

Even assuming arguendo that res judicata does not apply, the Court should dismiss Plaintiffs' Complaint with prejudice for Plaintiff's failure to set forth any applicable cause of action against Defendants.

**A.      The Court Must Dismiss Plaintiff's Causes of Action for Fraud**

Plaintiff asserts numerous claims of fraud against Defendants in the instant matter. *See generally* <u>Dkt</u>. No. 1. Just as in the Prior Case, Plaintiff's allegations of fraud against Defendants fail miserably because Plaintiff's conclusory allegations do not allege the basic elements of fraud. [4] The elements of fraud "are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996).

1.      PLEADING STANDARD FOR FRAUD ALLEGATIONS

"[T]he allegations in a fraud action need not be liberally construed." *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal. App. 3d 1324, 1331 (1986). A plaintiff must plead "**every element** of the fraud…with particularity, and the claim cannot be salvaged by references to the general policy favoring the liberal construction of pleadings." *Goldrich v. Natural Y Surgical Specialties*, 25 Cal. App. 4th 772, 782 (1994) (emphasis added). A valid fraud claim must allege facts showing that a plaintiff has suffered an identifiable out-of-pocket loss. Cal. Civ. Code § 1709; *Fladeboe v. Am. Isuzu Motors, Inc.*, 150 Cal. App. 4th 42, 66 (2007). "Fraud without damage is not actionable." *Billings v. Farm Dev. Co.*, 74 Cal. App. 254, 259 (Dist. Ct. App. 1925) Specific allegations of justifiable reliance are required to establish causation in a fraud claim. *See e.g.*, *Engalla v. Permanente Med. Group, Inc.*, 15 Cal. 4th 951, 976 (1997).

When pleading fraud against a corporate defendant, the requirements are even greater—a plaintiff must "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they

---

[4] Creatively, Plaintiff attaches a separate "Complaint for Fraud" as an Exhibit to the Complaint to expand on the statement of facts, but still fails to allege the necessary elements to set forth a cause of action for fraud.

TROUTMAN PEPPER HAMILTON SANDERS LLP
222 CENTRAL PARK AVENUE
SUITE 2000
VIRGINIA BEACH, VA 23462

said or wrote, and when it was said or written." *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991). The pleading must contain "facts which show how, when, where, to whom, and by what means the representations were tendered." *Lazar*, 12 Cal. 4th at 645.

2.   PLAINTIFF FAILS TO PLEAD ALL ELEMENTS OF A FRAUD ALLEGATION

A.   Plaintiff Cannot Show Misrepresentation

Plaintiff alleges that the Notice of Default, Assignment of Deed of Trust, and mortgage loan statements are fraudulent because they "purports that Loan exist and a notice of default occurred" and the past mortgage apparently ceased to exist as of the date Plaintiff received her discharge in the 2010 Bankruptcy Case. However, as explained, *supra*, Plaintiff misinterprets the effect of a bankruptcy discharge, and the lien did not cease to exist. Plaintiff is wrong as a matter of law. The creditor still had the "right to foreclose on the mortgage." *Johnson*, 501 U.S. at 83 (1991). Plaintiff's own refusal to make payments is the proximate cause for the Notice of Default; not any sort of illicit "scam" that Plaintiff refers to throughout the Complaint. Although Plaintiff's *in personam* liability on the Loan may have been discharged, the mortgage against the Subject Property remained enforceable *in rem*.

Further, Plaintiff's conclusory label of mortgage statements related to the Loan as "fraudulent" does not show that the mortgage statements Nationstar provided to Plaintiff are, in fact, in any way misrepresentations of amounts actually due. Mere labels and conclusions "will not do" to fulfill Plaintiff's "obligation to provide the 'grounds' of [her] 'entitlement to relief." *Twombly*, 550 U.S. at 555. Plaintiff presents these conclusions as facts, but they are insufficient to defeat Defendants' Motion. *Roberts*, 812 F.2d at 1177; *Pareto*, 139 F.3d at 699; *See Barker v. Default Resolution Network*, No. C 08-2898, 2009 WL 593634, at *3 (N.D. Cal. Mar. 5, 2009) (holding that plaintiffs failed to state a claim for fraud by "merely stat[ing] in a conclusory fashion that Defendants committed fraud by filing an inaccurate notice of default on their home.")

TROUTMAN PEPPER HAMILTON SANDERS LLP
222 CENTRAL PARK AVENUE
SUITE 2000
VIRGINIA BEACH, VA 23462

1   Plaintiff's fraud claim is fraught with the assertion only that the NOD and
2   ongoing mortgage statements sent to Plaintiff are false, yet does not indicate, outside
3   of the prima facie invalid interpretation of the effect of a discharge, how any
4   documentation contains any sort of misstatement. Furthermore, as to MERS, it is not
5   a lender or servicer of the loan and would not be involved with issuing statements to
6   the Plaintiff.  The DOT clearly shows, MERS was solely the beneficiary, as nominee
7   for the original lender and its successors and assigns. As such, Plaintiff's Complaint
8   fails to set forth any misrepresentation.

9         B.   <u>Plaintiff Cannot Allege Damages</u>

10   Plaintiff has not alleged any damages resulting from the purported fraud. "In
11   fraud, the pleading must show a cause and effect relationship between the fraud and
12   damages sought; otherwise no cause of action is stated." *Commonwealth Mortg.*
13   *Assurance Co. v. Superior Court*, 211 Cal. App. 3d 508, 518 (1989). Here, Plaintiff
14   does not allege that she attempted to pay any portion of the amounts contained in any
15   of the allegedly fraudulent instruments. Even if there were misrepresentations—
16   which Defendants deny—"misrepresentations without damage do not support a cause
17   of action." *Wildey v. Seaver*, 111 Cal. App. 565, 568 (Dist. Ct. App. 1931).

18   In Plaintiff's fraud claim, Plaintiff alleges that she has sustained injury in the
19   form of "Accounting and financial fraud." <u>Dkt</u>. No. 1 at 34.

20   Although Plaintiff creates alleged values of her damages out of whole cloth,
21   nowhere in the Complaint does Plaintiff allege that she made a payment that would
22   have otherwise cured her default. *See generally Id.* "[I]t is not enough for the
23   complaint to allege damage was suffered. The fraud plaintiff must also allege his
24   damages were caused **by the actions he took** in reliance on the defendant's
25   misrepresentations." *Beckwith v. Dahl*, 205 Cal. App. 4th 1039, 1064 (2012).
26   Plaintiff's Complaint pointedly fails to allege exactly how Defendants damaged
27   Plaintiff when Plaintiff has taken no actions in reliance on Defendants' purported
28   misrepresentations. In fact, Plaintiff has not made any payments on the Loan in ten

TROUTMAN PEPPER HAMILTON SANDERS LLP
222 CENTRAL PARK AVENUE
SUITE 2000
VIRGINIA BEACH, VA 23462

years. As to MERS, it is not involved with the accounting of the loan. Moreover, to the extent the Plaintiff alleges the assignment by MERS caused her damages, the allegation is meritless. The DOT which Plaintiff signed explicitly gives MERS the ability to assign the DOT and an assignment of deed of trust does not change the borrower's obligations under the note and deed of trust. *Siliga v. Mortg. Elec. Registration Sys., Inc.,* 219 Cal. App. 4th 75, 83 (2013); *Gomes v. Countrywide Home Loans, Inc.,* 192 Cal. App. 4th 1149, 1157 (2011); *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 272.

The only other damage that Plaintiff alleges are "mental injuries" and "undue harassment." *See generally Id.* Plaintiff cannot sustain a cause of action for fraud when her only damages in connection to the alleged fraud are emotional distress damages. *See Nagy v. Nagy*, 210 Cal. App. 3d 1262, 1268-1269 (1989) (affirming dismissal of Plaintiff's fraud claim because Plaintiff had not successfully pled any other damages in addition to damages for emotional distress); *De La Cerra Frances v. De Anda*, 223 Fed. Appx. 637, 638 (9th Cir. 2007); *Schroeder v. Auto Driveaway Co.*, 11 Cal. 3d 908 (1974).

Plaintiff has simply failed to assert any damage resulting from Defendants' allegedly wrongful conduct. In fact, if any party was damaged, it was Defendants. Plaintiff entered into a mortgage loan for $ 548,000.00. Dkt. No. 1 at 76-97. Plaintiff failed to make timely and sufficient payments on her loan, triggering a NOD. Plaintiff has not cured the default on her loan by paying any amounts due in arrears. Instead, she challenges the accuracy of the amount listed on the notices and the veracity of the documents. Plaintiff has not, and simply cannot, allege that she was damaged as a result of Defendants' alleged misrepresentations when Plaintiff did not make any payments as a result of any notice or statement.

3.   PLAINTIFF CANNOT ALLEGE RELIANCE

TROUTMAN PEPPER HAMILTON SANDERS LLP
222 CENTRAL PARK AVENUE
SUITE 2000
VIRGINIA BEACH, VA 23462

TROUTMAN PEPPER HAMILTON SANDERS LLP
222 CENTRAL PARK AVENUE
SUITE 2000
VIRGINIA BEACH, VA 23462

1    Plaintiff alleges that she "was induced to rely and did rely" on the purportedly

2    fraudulent documentation. Plaintiff has the burden of proof "to prove that [she] relied

3    on the alleged false representation **and acted thereon**." *Dotson v. Int'l Life Ins. Co.*,

4    89 Cal. App. 653, 658 (Dist. Ct. App. 1928). However, Plaintiff does not indicate

5    what she did in alleged reliance. Plaintiff has not made any payments and, as such,

6    cannot assert that she relied on anything since the only action she engaged in has

7    been complete and total inaction. Even had Defendants not sent any documents to

8    Plaintiff, Plaintiff would have still acted in the same manner: not making payments.

9    As such, Plaintiff cannot assert reliance, let alone justifiable reliance, as required to

10   plead a fraud claim.

11   Because Plaintiff has failed to plead the necessary elements of a fraud claim,

12   Plaintiff's fraud claims fail as a matter of law. Therefore, the Court should dismiss

13   Plaintiff's fraud claims—and all other claims relying on allegations of fraud—

14   without leave to amend.

15   **B.    Plaintiff's Federal Fair Debt Collections Practices Act ("FDCPA") and**
16   **California's Rosenthal Fair Debt Collections Practices Act ("Rosenthal**
     **Act") Allegations**

17   The second cause of action alleges that Defendants violated FDCPA and the

18   seventh cause of action alleges that Defendants violated the Rosenthal Act because

19   of their purported fraudulent activities. In addition to failing for the simple fact that

20   there was no fraud as explained, *supra*, despite Plaintiff's assertion that Defendants

21   are "merely third-party debt collectors," (Dkt. No. 1 at 14), the FDCPA and

22   Rosenthal Act are inapplicable to Defendants.

23   For purposes of the FDCPA, a "debt collector" is one "who engages in any

24   business the principal purpose of which is the collection of any debts, or who

25   regularly collects or attempts to collect…debts owed or due or asserted to be owed

26   or due to another". 15 U.S.C. § 1692a(6). This definition of "debt collector" does not

27   encompass a lender collecting debts purchased for its own account, and "[a] mortgage

28

servicer is not a debt collector under the FDCPA." *Amelina v. Mfrs. & Traders Tr. Co.*, No. 14cv1906 WQH (NLS), 2015 U.S. Dist. LEXIS 155372, at *20-21 (S.D. Cal. Nov. 17, 2015). Furthermore, MERS is not a debt collector under the Rosenthal Act because the Borrower owes no debt to MERS. *See Baisa v. Indymac Fed. Bank,* No. CIV. 2:09-1464, 2010 WL 444880, at *1 (E.D. Cal. Feb. 2, 2010) (Plaintiff's do not plead facts necessary to support the inference MERS is a debt collector under the RFDCPA; specifically, that MERS engages in debt collection.)

Plaintiff's attempt to bring Defendants under the purview of the FDCPA and, as a result, the Rosenthal Act, by alleging that the Loan was in default at the time Defendants obtained it fails. "The FDCPA does not define the term 'default,' however, other courts have defined the term within the context of the FDCPA exception for mortgage servicers. Courts have held that 'a debt that is merely outstanding' is not a 'debt that is in default.'" *Amelina*, 2015 U.S. Dist. LEXIS 155372 at *20. Plaintiff's Complaint utterly fails to show that the Loan was in default prior to Defendants' involvement. The Complaint actually contradicts such an assertion by attaching the NOD from 2019. If the Loan were already in default, then there would be no need to file the NOD. As such, Plaintiff's allegation that Defendants are excluded from 15 U.S.C. § 1692(a)(6) fails, and both the FDCPA and Rosenthal Act are inapplicable.

"If a plaintiff fails to state a claim under the foregoing standards, any derivative cause of action under the Rosenthal Act should also be dismissed. *See, e.g.*, *Davis v. Hollins Law, P.C.*, 832 F.3d 962, 963 n. 3 (9th Cir. 2016).

Nationstar is a mortgage servicer and, as servicer for HSBC, is acting on behalf of HSBC who is collecting its own debts. Therefore, this cause of action cannot stand, and the Court should dismiss it with prejudice since Plaintiff cannot cure this defect with an amendment.[5]

---

[5] Section 1692f is not implicated herein as that section applies to exercising security

TROUTMAN PEPPER HAMILTON SANDERS LLP
222 CENTRAL PARK AVENUE
SUITE 2000
VIRGINIA BEACH, VA 23462

## C.     Plaintiff's RICO Allegation

Not satisfied with the Court dismissing Plaintiff's alleged RICO claim in the Prior Case, Plaintiff again includes the same RICO claim as her third cause of action in the instant Complaint. To assert a RICO claim, Plaintiff must allege: "(1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity (known as 'predicate acts'); (5) causing injury to plaintiff's business or property." *See, e.g.*, *Pineda v. Saxon Mortgage Services*, No. 08-1187, 2008 U.S. Dist. LEXIS 102439, at *11 (C.D. Cal. Dec. 10, 2008); *Arenas v. Countrywide Home Loans, Inc.*, No. 08-cv-1948, 2009 U.S. Dist. LEXIS 656, at *8-9 (S.D. Cal. Jan. 7, 2009).

"It is not enough for [plaintiff] to rely on mere labels and conclusions" to establish a RICO claim. *Pineda*, 2008 U.S. Dist. LEXIS 102439 at *11. Plaintiff's conclusory allegations cannot meet the pleading standard for a RICO claim. Rather, Plaintiff must give each Defendant notice of the particular predicate act it participated in and must allege each predicate act with the requisite specificity. *See, e.g.*, *Rosales v. Downey Savings & Loan Ass'n, F.A.*, No. 09-cv39, 2009 U.S. Dist. LEXIS 15923, at *16 (S.D. Cal March 2, 2009) (noting that "[t]he Ninth Circuit has held that allegations of predicate acts under RICO must comply with Rule 9(b)'s specificity requirements" and holding that "[t]he Complaint does not allege sufficient facts to support the conclusory allegations that Defendants committed mail fraud, wire fraud, and obstruction of justice" and "does not allege the role of each Defendant in the allegedly unlawful acts that give rise to Plaintiffs' RICO claim."); *Putkurri v. Recontrust Co.*, No. 08-cv1919, 2009 U.S. Dist. LEXIS 32, at * 9 (S.D. Cal. Jan. 5, 2009).

### 1.     No Pattern of Racketeering Activity

---

interests, nor does the Complaint establish the applicability of the statute. Further, Nationstar is in the business of loan servicing, not debt collection.

TROUTMAN PEPPER HAMILTON SANDERS LLP
222 CENTRAL PARK AVENUE
SUITE 2000
VIRGINIA BEACH, VA 23462

TROUTMAN PEPPER HAMILTON SANDERS LLP
222 CENTRAL PARK AVENUE
SUITE 2000
VIRGINIA BEACH, VA 23462

The Court in the Prior Case stated that "if fraud is the only act Plaintiff can identify, she will have to specify how it falls within the definition of 'racketeering activity' for purposes of this case." RJN, Ex. 1 at No. 21 at 6. Not to be deterred, Plaintiff once again sets forth conclusory reference to "fraud and securities fraud relative to the discharged mortgage complained of herein" (Dkt. No. 1 at 23) which fails to provide even borderline plausible allegations of any other racketeering activity or predicate acts. *See Rosales,* 2009 U.S. Dist. LEXIS 15923, at *16. Plaintiff's conclusory allegations failed numerous times before, and they do so again.

### 2.   NO RICO ENTERPRISE

Plaintiff fails to sufficiently allege the purported RICO enterprise. "An enterprise is 'proved by evidence of an *ongoing organization,* formal or informal, and by evidence that the various associates function as *a continuing unit.*'" *Izenberg v. ETS Services*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008) *(quoting United States v. Turkette*, 452 U.S. 576, 583 (1981)) (emphasis added).

Here, there is simply no intelligible (or consistent) allegation as to who or what the RICO enterprise consists of. *Id.* at 1202-03. Rather, Plaintiff alleges that the Defendants themselves are the RICO enterprise, but also alleges that Defendants gained control over the enterprise, *i.e.,* themselves, through the unspecified racketeering activity. Then, Plaintiff alleges that the RICO defendants are separate from the enterprise they control but gives no indication as to who or what the RICO defendants are. These allegations were insufficient as a matter of law in the Prior Case, affirmed by the Ninth Circuit Court of Appeal, and are insufficient as a matter of law as alleged in the Complaint.

### 3.   NO RICO INJURY

Finally, Plaintiff fails to allege any cognizable injury resulting from the undifferentiated Defendants' investment of their alleged racketeering proceeds. In order to allege a RICO injury, Plaintiff must plead that Defendants' violation was "both the 'but for' and proximate cause of a concrete financial injury." *Izenberg*, 589

F. Supp. 2d at 1195; *Vargas v. Recontrust Co.*, No. 08-1683, 2008 U.S. Dist. LEXIS 100115, at *14-15 (E.D. Cal. Dec. 1, 2008) ("The 'plain language' of pertinent RICO provisions 'leads us to conclude that a plaintiff seeking civil damages for a violation of section 1962(a) must allege **facts** tending to show that he or she was injured by the use or investment of racketeering income.'") (emphasis added); *Resolution Trust Corp. v. Keating*, 186 F.3d 1110, 1117 (9th Cir. 1999).

Here, Plaintiff does not, and cannot, adequately allege that she was injured by Defendants' investment of the proceeds of their alleged racketeering activity. Plaintiff's conclusory allegations that merely parrot the statute without factual support die on the vine and do not set forth the grounds for Plaintiff's entitlement for relief. *Twombly*, 550 U.S. at 555.

To the extent the allegations are intended to apply to the assignment, MERS assignment cannot cause damages to the Plaintiff. The DOT itself, establishes as a factual matter that MERS has the authority to exercise all of the rights and interests of the lender, including the authority to exercise all of the rights and interests of the lender necessarily includes the authority to assign the deed of trust. *Siliga,* 219 Cal. App. 4th at 83.  Furthermore, an assignment of deed of trust cannot cause the Plaintiff damages because it does not change the Plaintiff's obligations under the note and DOT. *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 272.

Plaintiff's allegations suggest only that she was injured directly by Defendants' commission of the unspecified predicate acts. Such allegations of direct injury cannot sustain a RICO claim. *Quaknine v. MacFarlane*, 897 F.2d 75, 82-83 (2d. Cir. 1990) ("§1962(a) consists of investing income derived from a pattern of racketeering activity to acquire an interest in, establish, or operate an enterprise; the violation is not established by the mere participation in predicate acts of racketeering"); *Parker & Parsely Petroleum Co. v. Dresser Industries*, 972 F.2d 580, 584 (5th Cir. 1992) (allegations that plaintiff was damaged from defendants purported scheme to perform inadequate fracturing job could not support a claim that required a showing of injury

TROUTMAN PEPPER HAMILTON SANDERS LLP
222 CENTRAL PARK AVENUE
SUITE 2000
VIRGINIA BEACH, VA 23462

from "use or investment" of proceeds from racketeering activities); *Danielsen v. Burnside-Off Aviation Training Center, Inc.*, 941 F.2d 1220, 1230 (D.C. Cir. 1991) (Under 1962(a) "[i]t is not sufficient to allege injury flowing from the predicate acts of racketeering"). Accordingly, Plaintiff's RICO claim fails and the Court should dismiss it without leave to amend.

**D.      Plaintiff's Request for Declaratory Relief**

Plaintiff's fourth and eight cause of action seeks a judicial determination regarding (i) Defendants' rights as to the Subject Property; (ii) Nationstar's role as servicer of the Loan; (iii) HSBC's role as holder in due course; (iv) that the NOD is fraudulent; (v) that there is no loan or debt on the Subject Property; (vi) that Defendants' activities violate consumer deceptive trade practices law; and (vii) the Loan is predicated on fraud. Dkt. No. 1 at ¶¶ 160-164, ¶¶ 184-191. Clearly, this is duplicative of Plaintiff's failed fraud claims. When a declaratory relief action merely duplicates other untenable causes of action, as it does here, it should be dismissed at the pleading stage. *See Ratcliff Architects v. Vanir Constr. Mgmt., Inc*., 88 Cal. App. 4th 595, 607 (2001).

Declaratory relief is an equitable remedy. Its distinctive characteristic is that it allows adjudication of the parties' rights and obligations on a manner in dispute regardless of whether claims for damages or injunctive relief have yet arisen: "In effect, it brings to the present a litigable controversy, which otherwise might only be tried in the future." *Societe de Conditionnement en Aluminum v. Hunter Eng'g Co.*, 655 F.2d 938, 943 (9th Cir. 1981).

Declaratory relief is a procedural device for granting a remedy. It does not create any substantive rights or causes of action. *Harris County Texas v. MERSCORP Inc.*, 791 F.3d 545, 552 (5th Cir. 2015). Plaintiff has failed to state a cause of action in conformity with the requirements of Rule 8. Further, Plaintiff has not raised an issue of the kind amenable to a granting of declaratory relief (e.g., validity of intellectual property; insurance coverage; other contract actions; or, the

TROUTMAN PEPPER HAMILTON SANDERS LLP
222 CENTRAL PARK AVENUE
SUITE 2000
VIRGINIA BEACH, VA 23462

constitutionality of a federal or state statute or local ordinance). These causes of action fail and should be dismissed.

### E.      Plaintiff's Negligence Claims Fail

Plaintiff's sixth cause of action for negligent misrepresentation fails primarily because Defendants owe no duty to Plaintiff. Consequently, there can be no breach of a legal duty. To state a claim for negligence, a plaintiff must show: "(1) a legal duty to use reasonable care; (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff's injury." *Mendoza v. City of Los Angeles*, 66 Cal.App.4th 1333, 1339 (1998) (citations omitted).

"[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089 (1991) . In addition, loan servicers do not owe a duty to the borrowers of loans they service. *See*, *e.g.*, *Moreno v. Citibank, N.A.*, 2010 U.S. Dist. LEXIS 25955, at *7 (N.D. Cal. Mar. 19, 2010) ("Courts have…concluded that loan servicers do not owe a fiduciary duty to borrowers"); *Shepherd v. Am. Home Mortg. Servs.*, 2009 U.S. Dist. LEXIS 108523, at *5 (E.D. Cal. Nov. 20, 2009) ("[L]oan servicers do not owe a duty to the borrowers of the loans they service"). MERS also owes no duty to the Plaintiff. *Baisa*, 2010 WL 444880, at *2. The Complaint does not indicate which of the actions apply to MERS forcing it to guess how its conduct was allegedly negligent. This is improper. *See* Associated Gen. *Contractors of Cal., Inc. v. Cal. State Council of Carpenters,* 459 U.S. 519, 526 (1983). As the listed beneficiary under the Deed of Trust, MERS had authority to assign the DOT to another party. *See* Cal. Civ.Code § 1934 (Any assignment of a mortgage and any assignment of the beneficial interest under a deed of trust may be recorded, and from the time the same is filed for record operates as constructive notice of the contents thereof to all persons.)

TROUTMAN PEPPER HAMILTON SANDERS LLP
222 CENTRAL PARK AVENUE
SUITE 2000
VIRGINIA BEACH, VA 23462

Generally, "[a]bsent 'special circumstances' a loan transaction 'is at arms-length' and no duties arise from the loan transaction outside those in the agreement." *Castaneda v. Saxon Mortg. Servs.*, 687 F. Supp. 2d 1191, 1197 (E.D. Cal. 2009) (applying California law); *see also Marks v. Ocwen Loan Servicing*, No. C 07-2133, 2009 U.S. Dist. LEXIS 35251, at *20 (N.D. Cal. Apr. 10, 2009) ("[A] loan servicer does not owe a fiduciary duty to a borrower beyond the duties set forth in the loan contract"). Plaintiff has failed to allege any facts to demonstrate that Defendants owed any legal duty to Plaintiff, or that they exceeded their conventional role as a lender or loan servicer. Moreover, Plaintiff fails to allege the conduct with any specificity that would support such a claim. Plaintiff's Negligence Cause of Action fails, and this Court should dismiss this claim.

## F. Plaintiff's Claim for Civil Conspiracy Fails

A plaintiff bringing a claim for conspiracy must allege that the defendant "had knowledge of and agreed to both the objective and the course of action that resulted in the injury, that there was a wrongful act committed pursuant to that agreement, and that there was resulting damage." *Berg & Berg Enters., LLC v. Sherwood Partners, Inc.*, 131 Cal. App. 4th 802, 823 (2005). Plaintiff "must show that **each member** of the conspiracy **acted in concert** and **came to a mutual understanding** to accomplish a common and unlawful plan, and that one or more of them committed an overt act to further it." *Choate v. Cty. of Orange*, 86 Cal. App. 4th 312, 333 (2000).

Here, Plaintiff's conspiracy theory fails to allege any supporting facts. The Complaint merely names Defendants as members of an Enterprise,[6] yet fails to state what the objective of the conspiracy was, what agreements were reached between the conspirators, or what actions were undertaken in furtherance of the conspiracy.

---

[6] Presumably the same "Enterprise" for RICO purposes that, used here, is likewise fraught with contradictions and a lack of intelligible allegations as to who or what the Enterprise consists of.

TROUTMAN PEPPER HAMILTON SANDERS LLP
222 CENTRAL PARK AVENUE
SUITE 2000
VIRGINIA BEACH, VA 23462

Plaintiff's "bare allegations and rank speculation…are not enough to prove that a conspiracy exists." *Mahaney v. Warren Cty.*, 206 F.3d 770, 772 (8th Cir. 2000).

Therefore, just as in the Prior Case where Plaintiff attempted to set forth a claim of civil conspiracy that was dismissed without leave to amend, so too should the Court in the instant matter dismiss Plaintiff's cause of action with prejudice.

## G.   Plaintiff's Complaint for Cancellation of Instruments

Plaintiff's cause of action for cancellation of instruments is premised on the contention that the DOT is "void or voidable because it has been discharged by operation of law and/or is fraudulent to the extent it purports to convey an interest to MERS." Dkt. No. 1 at ¶ 202. Based on that allegation, Plaintiff's cause of action seeks to void the DOT, NOD, and Assignment to HSBC. Plaintiff's allegations entirely lack merit.

California Civil Code § 3412 governs suits to remove a cloud on title via judicial cancellation of an instrument. *M.F. Farming, Co. v. Couch Distrib. Co., Inc.*, 207 Cal.App.4th 180, 200 (2012) (*citing Castro v. Barry*, 79 Cal. 443, 445-446 (1889)). That section provides that "[a] written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled." Cal. Civ. Code § 3412. In such a case, a plaintiff must allege facts showing the invalidity of the document in order to allege a cancellation of instrument claim. *Zakaessian v. Zakaessian*, 70 Cal.App.2d 721, 725 (1945).)

Moreover, "the complainant is required to do equity as a condition to his obtaining relief, by restoring to the defendant everything of value which the Plaintiff has received in the transaction." *Fleming v. Kagan*, 189 Cal.App.2d 791, 796 (1961).)

As explained, *supra*, Plaintiff's assertions regarding the effect of the bankruptcy discharge are patently false. *See Johnson*, 501 U.S. at 83;  11 U.S.C. § 524(a)(1); 11 U.S.C. § 522(c)(2). The fact that MERS is named as a

TROUTMAN PEPPER HAMILTON SANDERS LLP
222 CENTRAL PARK AVENUE
SUITE 2000
VIRGINIA BEACH, VA 23462

beneficiary per the language of the DOT does not render it voidable. Further, "courts examining deeds of trust like the one at issue here have found that MERS is a beneficiary and agent solely from the language of the Deed of Trust — the Court sees no facts supporting an allegation of fraud." *Mortg. Elec. Registration Sys. v. Robinson*, No. CV 13-7142 PSG, 2015 U.S. Dist. LEXIS 30464, at *20 (C.D. Cal. Feb. 27, 2015). Plaintiff also cannot challenge MERS' role as a beneficiary when she agreed to it under the language of the DOT. "California courts have held that a trustor who agreed under the terms of the deed of trust that MERS, as the lender's nominee, has the authority to exercise all of the rights and interests of the lender, including the right to foreclose, is precluded from maintaining a cause of action based on the allegation that MERS has no authority to exercise those rights." *Siliga,* 219 Cal. App. 4th at 83.

Additionally, Plaintiff has failed to allege that she made an offer to tender her obligations under the Loan. Accordingly, Defendants request that this Court grant their Motion for Judgment on the Pleadings as to Plaintiff's cause of action for cancellation of instruments.

## H.     Plaintiff's Invasion of Privacy and Unjust Enrichment Cause

"A party claiming a violation of the constitutional right of privacy established in article I, section I of the California Constitution must establish (1) a legally protected privacy interest, (2) a reasonable expectation of privacy under the circumstances, and (3) a serious invasion of the privacy interest." *O'Connor v. JP Morgan Chase*, No. 4:14-cv-00178-KAW, 2014 U.S. Dist. LEXIS 74084, at *21 (N.D. Cal. May 29, 2014). Plaintiff alleges that Defendants activities directly related to the foreclosure of the Subject Property violated her expectation of privacy. However, Plaintiff cannot allege that she had an expectation of privacy under the circumstances in light of her utter failure to make any payment on the Loan and the foreclosure proceedings that she has been thwarting for nearly ten years. Moreover,

TROUTMAN PEPPER HAMILTON SANDERS LLP
222 CENTRAL PARK AVENUE
SUITE 2000
VIRGINIA BEACH, VA 23462

MERS could not have violated her privacy because it is not a foreclosing party - MERS assigned out prior to the initiation of the foreclosure. <u>Dkt</u>. No. 1 at 99-100.

The California Civil Code expressly authorizes a party to legally enter onto property where a foreclosure is pending in order to post a notice of sale. It states:

> A copy of the notice of sale **shall also be posted in a conspicuous place on the property** to be sold at least 20 days before the date of sale, where possible and where not restricted for any reason. If the property is a single-family residence **the posting shall be on a door of the residence**, but, if not possible or restricted, then the notice shall be posted in a conspicuous place on the property;

Cal. Civ. Code § 2924f(b)(3) (emphasis added).

"Actionable invasions of privacy must be sufficiently serious in their nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right." *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 37 (1994). Plaintiff complains of Defendants doing property inspections and posting a required notice prior to a foreclosure sale on the Subject Property. Nothing in the Complaint veers from the accepted social norms as it relates to a lender foreclosing on a property. As such, Plaintiff's Complaint fails to detail a serious invasion of privacy.

Because the actions by Defendants related to the foreclosure of the Subject Property fall within the scope of permissible actions set forth in the California Civil Code, and because those action do not equate with a serious invasion of Plaintiff's privacy interest, Plaintiff's cause of action for invasion of privacy fails.

Further, Plaintiff's cause of action for invasion of privacy includes the vague allegation that Defendants "continu[e] to publish false information to credit bureaus." <u>Dkt</u>. No. 1 at ¶ 215. However, Plaintiff's Complaint fails to set forth any factual support for the conclusory statement. Plaintiff does not indicate when Defendants purportedly published information to credit bureaus, but includes allegations related to Defendant's purported fraudulent activities "[b]eginning in early 2013." *Id.* at ¶ 22. The statute of limitations for Plaintiff's allegation that Defendants

TROUTMAN PEPPER HAMILTON SANDERS LLP
222 CENTRAL PARK AVENUE
SUITE 2000
VIRGINIA BEACH, VA 23462

invaded her privacy by placing her in a false light when it reported to the credit bureaus is for two years, and "begins to run when the plaintiff suspects or should suspect that her injury was caused by wrongdoing, that someone has done something wrong to her." *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1110, 245 Cal. Rptr. 658, 662, 751 P.2d 923, 927 (1988) Even providing Plaintiff with a year from when she alleges Defendants began their purportedly fraudulent activities, the statute of limitations expired no later than 2016 as it relates to the vague allegation of publishing false information to the credit bureaus. As such, this cause of action is time-barred, and no amendment to the Complaint can remedy it.

Plaintiff's thirteenth cause of action is completely silent on any purported unjust enrichment and, as such, the Complaint fails to set forth this cause of action. The Court should dismiss Plaintiff's thirteenth cause of action with prejudice.

### I. Plaintiff is Not Entitled to Punitive Damages

Plaintiff repeatedly alleges she is entitled to punitive damages, with conclusory allegations that Defendants' conduct was fraudulent, oppressive, and malicious. *See generally* <u>Dkt</u>. No. 1. In addition to the reasons why each cause of action should be dismissed explained *supra*, Plaintiff's conclusory allegations of entitlement to punitive damages should be dismissed.

Punitive damages are not available in contract-based actions. California Civil Code Section 3294 permits recovery for punitive damages that do not result from a breach of contract. *Berkley v. Dowds*, 152 Cal. App. 4th 518, 530 (2007). Although Plaintiff includes causes of action such as "fraud" in her Complaint, the gravamen of this action—and, in truth, the sole source of the parties' relationship—is the Loan, documents which do not authorize punitive damages.

Further, conclusory allegations of "oppression, fraud, or malice" are patently insufficient to maintain a claim for punitive damages. *See G. D. Searle & Co. v. Superior Court*, 49 Cal. App. 3d 22, 27-32 (1975); *Brousseau v. Jarrett*, 73 Cal. App. 3d 864 (App. 3d Dist. 1977); *Smith v. Superior Court*, 10 Cal. App. 4th 1033, 1041-

TROUTMAN PEPPER HAMILTON SANDERS LLP
222 CENTRAL PARK AVENUE
SUITE 2000
VIRGINIA BEACH, VA 23462

1042 (1992) (dismissing punitive damages claim wherein plaintiff failed to allege factual assertions to support the conclusion). Here, the allegation that Defendants' conduct entitles Plaintiff to punitive damages without any factual detail supporting such claim fails, and the Court must dismiss it with prejudice.

## CONCLUSION

For all of the reasons herein, Defendant respectfully requests that this Motion for Judgment on the Pleadings be granted pursuant to Federal Rule of Civil Procedure 12(c), and that the Court dismiss the causes of action referred to herein with prejudice.

Dated:    July 9, 2020          TROUTMAN PEPPER HAMILTON SANDERS LLP

By: */s/ Christopher Kadish*
Christopher Kadish

Attorneys for Defendants
Nationstar Mortgage LLC d/b/a Mr.
Cooper; HSBC Bank USA, N.A.; and
Mortgage Electronic Registration Systems
Inc.

TROUTMAN PEPPER HAMILTON SANDERS LLP
222 CENTRAL PARK AVENUE
SUITE 2000
VIRGINIA BEACH, VA 23462

# PROOF OF SERVICE

I am a citizen of the United States and employed in San Diego County, CA.  I am over the age of 18 and not a party to the within action; my business address is 11682 El Camino Real, Suite 400, San Diego, CA  92130-2092.

On July 9, 2020, I served the following document(s) described as:

**NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS**

☒ **BY MAIL**: As follows: I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Diego, CA, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT MAIL**: As follows: I am readily familiar with the firm's practice of collection and processing correspondence for overnight mailing. Under that practice, it would be deposited with overnight mail on that same day prepaid at San Diego, CA in the ordinary course of business.

☐ **BY ELECTRONIC MAIL**: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses, as last given or submitted on any document which he or she has filed in the case, listed on the attached service list.

Vien Phuong Thi Ho
732 East Harding Street
Long Beach, CA 90805
562-354-1313
Pro Se Plaintiff

TROUTMAN PEPPER HAMILTON SANDERS LLP
222 CENTRAL PARK AVENUE
SUITE 2000
VIRGINIA BEACH, VA 23462

1    I declare that I am employed in the office of a member of the bar of this court

2  at whose direction the service was made.

3    Executed on July 9, 2020, at San Diego, CA.

4

5  _____

6                      Andrew Sabo

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TROUTMAN PEPPER HAMILTON SANDERS LLP
222 CENTRAL PARK AVENUE
SUITE 2000
VIRGINIA BEACH, VA 23462