TROUTMAN PEPPER HAMILTON
SANDERS LLP
Christopher Kadish (SBN 248714)
christopher.kadish@troutman.com
222 Central Park Ave., Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7597
Facsimile:  (757) 687-7510

Attorneys for Defendants
*Nationstar Mortgage LLC d/b/a Mr. Cooper;*
*Nationstar Mortgage Holdings Inc.; Mr.*
*Cooper Group Inc.; HSBC Bank USA, N.A.*
*CTLA HSBC Bank USA, CORP Trust &*
*Loan Agency; HSBC Bank USA N.A.; and*
*Mortgage Electronic Registration Systems*
*Inc.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Vien Phuong Thi Ho, | Case No.  2:19-cv-10532-ODW-JRP |
| Plaintiff, | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION TO STRIKE DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS UNDER FRCP RULE 12(f)** |
| v. | |
| Nationstar Mortgage, LLC. dba Mr. Cooper, Nationstar Mortgage Holdings Inc., Mr. Cooper Group Inc., HSBC Bank USA, N.A. CTLA HSBC Bank USA, CORP Trust & Loan Agency, HSBC Bank USA NA., Affinia Default Services, LLC, Mortgage Electronic Registration Systems, Inc, Does 1 to 10, | **Complaint Served:** December 27, 2019 |
| Defendants. | |

## I.   INTRODUCTION

Defendants Nationstar Mortgage LLC d/b/a Mr. Cooper, *erroneously named as* Nationstar Mortgage, LLC dba Mr. Cooper, Nationstar Mortgage Holdings Inc., and Mr. Cooper Group Inc.; HSC Bank USA, N.A., *erroneously named as* HSBC Bank USA, N.A. CTLA HSBC Bank USA, Corp Trust and Loan Agency and HSBC

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA  92130-2092

Bank USA NA; and Mortgage Electronic Registration Systems, Inc. ("MERS") (together, "Defendants"), hereby submit their Opposition to Plaintiff's meritless "*Ex Parte* Application to Strike Under Rule 12(F) F.R.C.P. & Objection to Defendants' Doc #60 and Doc#61 – Notice of Motion for Judgment on the Pleadings" (the "Application.")  Plaintiff's Application is a misplaced attempt to argue around her failure to timely oppose Defendants' Motion for Judgment on the Pleadings.  As the Application itself states, FRCP Rule 12(f) applies only to "pleadings," and cannot be used to strike a motion - the relief the Application requests.  Plaintiff also does not provide any evidence that Defendants did not comply with the meet and confer requirements of Local Rule 7-3 prior to filing their Motion for Judgment on the Pleadings (the "Motion").  Furthermore, Plaintiff offers no explanation why *ex parte* relief is appropriate or necessary under the present circumstances and did not meet and confer before filing the Applications.

As explained in more detail below, Plaintiff's Application is an outright abuse of the *ex parte* procedures.  Accordingly, Defendants respectfully request that the Application be denied, and that monetary sanctions be awarded against Plaintiff and in favor of Defendants.

## II.   STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

Pursuant to Central District Local Rule 7-3, counsel for Defendants contacted Plaintiff via electronic mail on June 29, 2020, requesting the parties speak by telephone to meet and confer regarding the merits of Defendants' anticipated Motion. (Declaration of Christopher Kadish ("Kadish Decl.") at ¶ 2.)  On July 1, 2020, counsel for Defendants held a telephonic meet and confer with Plaintiff.  The meet and confer lasted approximately fifteen minutes, during which counsel for Defendants outlined the deficiencies to each of Plaintiffs' causes of action.  (*Id*.)  Plaintiff became increasingly agitated over the course of the conversation, at one point threatening Defendants' counsel that she would "report you to the FBI."  (*Id*.)  The parties were not able to reach

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

any agreement to avoid the necessity of Defendants' Motion.  (*Id*.)

On July 9, 2020, Defendants filed and properly served their Motion as to Plaintiff's Complaint with argument set for hearing on August 10, 2020.  (Dkt. 60.) Plaintiff failed to timely file an Opposition to Defendants' Motion.  Defendants filed a Reply to Plaintiff's Non-Opposition on July 23, 2020.  (Dkt. 65.)

On July 27, 2020, Plaintiff filed her Application.  (Dkt. 67.)  Plaintiff did not make any attempt to meet and confer with Defendants' counsel regarding the content of her Application prior to filing.   (Kadish Decl., ¶ 3.)   Shortly after receiving the Application, counsel for Defendants notified Plaintiff of its deficiencies and requested that Plaintiff withdraw the Application or Defendants would seek sanctions for any costs incurred as a result of the burden of any necessary opposition.  (*Id*., ¶ 4.) Plaintiff did not respond and did not withdraw the Application.  (*Id*., ¶ 5.)

## III.   PLAINTIFF'S *EX PARTE* APPLICATION IS MERITLESS AND AN ABUSE OF THE *EX PARTE* PROCESS

### A.   Plaintiff Is Not Entitled to *Ex Parte* Relief

An *ex parte* application must "establish why [a] motion for the ultimate relief requested cannot be calendared in the usual manner.  In other words, it must show why the moving party should be allowed to go to the head of the line in front of all other litigants and receive special treatment."  (*Mission Power Eng' Co. v. Cont'l Cas. Co*., 883 F. Supp. 488, 492 (C.D. Cal. 1995).  "First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures.   Second, it must be established that the moving party is without fault in creating the crisis..." (*Id*.)  Denial of an *ex parte* application is also appropriate if the substantive request underlying the application is without merit. (*Id*.)

Plaintiff here does not even attempt to argue that she is entitled to *ex parte* relief, because she cannot.  Any arguments she had to oppose Defendants' Motion

should have been presented prior to the deadline to file her Opposition.  Because of her failure to timely oppose, she now attempts to circumvent regular noticed motion procedures to strike Defendants' Motion.  Because Plaintiff does not offer any reason justifying her request for *ex parte* relief, her Application must be denied.

### B.   Rule 12(f) Does Not Support Plaintiff's Request to Strike the Motion

Rule 12(f) of the Federal Rules of Civil Procedure provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  As Plaintiff's own Application explains, "pleadings" are defined as complaints and answers under Rule 7, but not motions. As Plaintiff is attempting to strike Defendants' Motion, which is not a pleading, Rule 12(f) cannot serve as the procedural vehicle for her purported attempt to strike.  (*See Sidney-Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885-886 (9th Cir.1983).)  Under the clear authority provided by Plaintiff, the Application must be denied.

### C.   Defendants Complied With Local Rule 7-3

Local Rule 7-3 requires that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution.  The conference shall take place at least seven (7) days prior to the filing of the motion."  As explained above, counsel for Defendants complied with this requirement by contacting Plaintiff on June 29, 2020, to request a meet and confer.  (Kadish Decl, ¶ 2.)  On July 1, 2020, Defendants' counsel spoke with Plaintiff for approximately fifteen minutes to discuss the merits of the pending Motion, but the conversation quickly devolved, and it became clear that no agreement could be reached.  (*Id*.)  Defendants filed the Motion on July 9, 2020, which is more than the seven days after their good faith meet and confer and conforms with Local Rule 7-3.  (Dkt. 60.)

Tellingly, although Plaintiff's Application repeatedly insists that the meet and confer was deficient, she does not provide a single piece of evidence to support her

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

position.  Defendants' Motion declares that they complied with the requirements of Local Rule 7-3.  Without a declaration or document supporting her allegations, they hold no weight and should be disregarded.

### D.    Monetary Sanctions Against Plaintiff Are Warranted For Violations of Local Rules 7-3 and 7-19.2

*Ex parte* applications "impose an unnecessary administrative burden on the court and an unnecessary adversarial burden on opposing counsel who are required to make a hurried response under pressure, usually for no good reason."  (*In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989))  Indeed, as this Court expressly instructed the parties in its Scheduling and Case Management Order, "[e]x parte practice is discouraged." *See Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995).  The Court will require "strict adherence to proper ex parte procedures for any ex parte application filed with the Court."  (Dkt. 49, at 4:23-26.)  Compliance with the procedural requirements for *ex parte* applications is critical because "[i]mproperly prepared *ex parte* motions exacerbate the problems created by their abusive use."  (*Mission Power*, 883 F. Supp. at 492.)

Despite Plaintiff incorrectly accusing Defendants of violating their obligations to meet and confer, demonstrating her knowledge of the Local Rules, she disregarded those same requirements herself before filing her Application.  Rather than attempt to meet and confer, Plaintiff included only a single throwaway line at the end of a July 23, 2020, email to Defendants' counsel regarding an unrelated discovery matter stating, "FYI: I am moving the court today for an Ex Parte to strike your motion for judgment on the pleading for failure to meet and confer as required by Local Rule 7-3 and to comply with the 10 days waiting period."  (Kadish Decl. ¶ 6.)  But for this lone mention of a potential *ex parte* proceeding, Plaintiff did not raise the issues presented in her Application with Defendants.

Furthermore, Plaintiffs' Application does not comply with Local Rule 7-19.1, which requires a party wanting to bring an *ex parte* application, "(a) to make reasonable, good faith efforts orally to advise counsel for all other parties, if known, of the date and substance of the proposed ex parte application and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application." Other than the passing reference to filing *ex parte* in Plaintiff's July 23, 2020, electronic mail, Plaintiff never contacted counsel for Defendants' to discuss in any way the content of the filed Application or request that the parties meet and confer. (Kadish Decl. ¶ 7.) Additionally, the Application also does not state, under oath or otherwise, whether any party will oppose. Plaintiff's knowing and intentional disrespect for, and violation of, the Local Rules, while simultaneously demanding that Defendants comply fully, are precisely the type of conduct that "rises to the level of bad faith," and warrants the imposition of attorneys' fees to opposing counsel under Local Rule 83-7.

The Court's Scheduling and Case Management Order makes clear that it "will impose sanctions, including monetary sanctions and/or the summary denial of a motion, if *either* party fails to meet and confer in good faith…" (Dkt. 49, at 4:20-22.) Although Plaintiff had knowledge of the Local Rules and the Court's express instructions to comply, she disregarded them, nonetheless. The resulting abuse of the outlined *ex parte* procedures justify not only a denial of the Application, but an award for monetary sanctions against Plaintiff and in favor of Defendants.

Shortly after receiving the Application, counsel for Defendants notified Plaintiff of the above deficiencies and requested that Plaintiff withdraw the baseless filing or Defendants would seek sanctions for fees incurred as a result of having to oppose. (Kadish Decl., ¶ 4.) Plaintiff did not respond and did not withdraw the Application. (*Id.*, ¶ 5.) As a result, Defendants have incurred fees in the amount of

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

$ 2,240 in addressing and opposing Plaintiff's Application.  (*Id.*, ¶ 8.)  In addition to contacting Plaintiff, the work involved reviewing the meritless Application and preparing an Opposition, Declaration in Support of Opposition, and Proposed Order. (*Id.*)  Plaintiff's clear indifference regarding the unnecessary burdens she has placed on both Defendants and this Court must not be countenanced, and monetary sanctions should be awarded.

## IV.     CONCLUSION

For the reasons stated above, Plaintiff's Application is without merit. Defendants respectfully request that the Application be denied and monetary sanctions we awarded against Plaintiff for her abusive litigation tactics.

.

Dated: July 28, 2020

TROUTMAN PEPPER HAMILTON SANDERS LLP

By:     s/*Christopher Kadish*
        Christopher Kadish

*Attorneys for Defendants,*
*Nationstar Mortgage, LLC d/b/a Mr.*
*Cooper; Nationstar Mortgage*
*Holdings Inc.; Mr. Cooper Group*
*Inc.; HSBC Bank USA, N.A. CTLA*
*HSBC Bank USA, CORP Trust &*
*Loan Agency; HSBC Bank USA N.A.;*
*and Mortgage Electronic Registration*
*Systems Inc.*

OPPOSITION TO PLAINTIFF'S EX PARTE
APPLICATION

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092