O

# United States District Court
# Central District of California

VIEN PHUONG THI HO,

    Plaintiff,

    v.

NATIONSTAR MORTGAGE, LLC, et al.,

    Defendants.

Case № 2:19-cv-10532-ODW (JPRx)

**ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS OR ALTERNATIVELY, SUMMARY JUDGMENT [53]**

## I.    INTRODUCTION

Before the Court is *pro se* Plaintiff Vien Phuong Thi Ho's Motion for Judgment on the Pleadings Pursuant to Rule 12(c) or Alternatively, Summary Judgment Under Rule 56 ("Motion"). (Mot. J. on Pleadings or Summ. J. ("Mot."), ECF No. 53.) Defendants Nationstar Mortgage, LLC d/b/a Mr. Cooper (additionally sued erroneously as Nationstar Mortgage Holdings Inc., and Mr. Cooper Group Inc.) ("Nationstar"), HSC Bank USA, N.A. (erroneously sued as HSBC Bank USA, N.A. CTLA HSBC Bank USA Corp Trust and Loan Agency and HSBC Bank USA NA ("HSC"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (together, "Defendants") oppose the Motion. (Opp'n to Mot. ("Opp'n"), ECF No. 54; Defs.' Mot., ECF No. 60.) Defendant Affinia Default Services, LLC also joins in

Defendants' Opposition. (ECF No. 55.) For the reasons detailed below, the Court **DENIES** Ho's Motion.[1]

## II. BACKGROUND

On or around June 23, 2007, Ho borrowed $548,000 (the "Loan") to refinance real property located in Long Beach, California, which she secured by a Deed of Trust ("DOT"). (*See* Compl. ¶¶ 16–18, Ex. A ("Deed of Trust" or "DOT"), ECF No. 1.) The DOT lists Countrywide Bank, FSB as the lender, ReconTrust Company, N.A. as the trustee, and MERS as the beneficiary. (Compl. Ex. A.)

In November 2010, MERS purportedly assigned the DOT to HSBC Bank USA, N.A. via a corporate assignment. (Compl. Ex. B.) Shortly thereafter, on January 11, 2011, the U.S. Bankruptcy Court for the Central District of California granted a Chapter 7 Discharge to Ho of all prior debts, including the Loan. (Compl. ¶ 19, Ex. C.)

In December 2013, Ho received a letter from Nationstar explaining that Bank of America, N.A. had transferred the servicing of her Loan to Nationstar. (Compl. Ex. 1.) In October 2019, on Nationstar's behalf, Affiana issued Ho a Notice of Default and Election to Sell Under Deed of Trust relating to the Long Beach property. (Compl. Ex. E ("Notice").) The Notice explained that Affiana was "either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated 06/23/2007, executed by [Ho] . . . to secure certain obligations in favor of [MERS] as nominee for Countrywide Bank, FSB, its successors and assigns." (*Id.*)

Now, Ho alleges that the Notice "was falsely recorded in favor of an 'imaginary loan' created by [D]efendants in 2013 which was never executed by [P]laintiff with [D]efendants." (Compl. ¶ 21.) More specifically, Ho claims that "[b]eginning in early 2013 and continuing to 2019 . . . Nationstar . . . initiated a mortgage scam and

---

[1] After carefully considering the papers filed in connection with the Motions, the Court deemed the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

2

illegal scheme to collect a discharged debt and/or resurrect a mortgage debt that formerly discharged two years earlier and/or settled with [Countrywide]." (Compl. ¶ 22.) Thus, Ho asserts thirteen causes of action alleging that Defendants engaged in various fraudulent lending and collection schemes of which she was the victim. (*See generally* Compl.; *see also* Mot. 6–8 (clarifying the gravamen of Ho's Complaint).)

### III.  LEGAL STANDARD

After the pleadings are closed, but within such time as to not delay the trial, any party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). Such a motion is appropriate "when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). When ruling on a motion for judgment on the pleadings, "[a]ll allegations of fact by the party opposing the motion are accepted as true," and are construed in the light most favorable to that party. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). Thus, "a plaintiff is not entitled to judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery. Similarly, if the defendant raises an affirmative defense in his answer it will usually bar judgment on the pleadings." *Gen. Conference Corp. v. Seventh-Day Adventist Church*, 887 F.2d 228, 230 (9th Cir. 1989), *cert. denied*, 493 U.S. 1079 (1990). If judgment on the pleadings is appropriate, a court has discretion to grant the non-moving party leave to amend, grant dismissal, or enter a judgment. *See Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004).

### IV.  DISCUSSION

Defendants argue that Ho's Motion must be denied because (1) Defendants' Answer to the Complaint denies all allegations and asserts many affirmative defenses; (2) to the extent Ho seeks summary judgment, she fails to comply with Local Rule 56-1; and (3) Ho fails to recite or support the legal elements that she must prove to recover on her claims. (*See generally* Opp'n.)

Defendants are correct. For the sake of this Motion, the Court takes Defendants' Answer to the Complaint in the light most favorable to Defendants. *Seventh-Day*, 887 F.2d at 230. In their Answer, Defendants generally deny all of Ho's allegations and assert twenty-two affirmative defenses. (*See* Answer 2, ECF No. 33 ("Defendants hereby deny generally and specifically each and every allegation and cause of action contained in the Complaint; and further deny that, by reason of any act or omission by Defendants or their agents, Plaintiff has been injured or damaged in any sum, or at all.").) Under Federal Rule of Civil Procedure ("Rule") 8(b)(3), "[a] party that intends in good faith to deny all the allegations of a pleading—including the jurisdictional grounds—may do so by a general denial." Fed. R. Civ. P. 8(b)(3). Moreover, Defendants assert twenty-two affirmative defenses in their Answer, which generally precludes judgment on the pleadings. *See Seventh-Day*, 887 F.2d at 230. Simply put, judgment on the pleadings must be denied because Ho fails to show on the face of the pleadings that there are no material issues of fact which remain to be resolved.

Moreover, while Ho purports to seek summary judgment in the alternative, she fails to submit any admissible evidence for the Court to consider. (Opp'n 4–5.) Indeed, Ho has not filed a Statement of Uncontroverted Facts and Conclusions of Law or a proposed Judgment as required by Rule 56-1. *See Motorola, Inc. v. Pick*, No. CV 04-2655ABCSHX, 2004 WL 5472092, at *3 (C.D. Cal. June 22, 2004) ("[F]ailure to provide the Court with a separate statement of uncontroverted facts is fatal to . . . motions for summary judgment."). Without providing evidence of undisputed material facts, Ho cannot prevail on summary judgment. Parties bear their own obligation to lay out their evidentiary support clearly. *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1030 (9th Cir. 2001) ("It is absurdly difficult for a judge to perform a search, unassisted by counsel, through the entire record, to look for such evidence."); *see also Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929

(9th Cir. 2003) ("[J]udges are not like pigs, hunting for truffles buried in briefs." (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991))).

The Court notes that its conclusion today is galvanized by the substantially different accounts of the facts presented in the parties' briefs. In particular, Ho appears to argue that she attached certain documents to her Complaint to show Defendants have been creating fraudulent documents with which to carry out their fraud. Meanwhile, Defendants' recitation of the facts does the exact opposite by presupposing the authenticity of those same documents. (*Compare, e.g.*, Mot. 6 (referring to the November 24, 2010 corporate assignment of the DOT as "a false document" signed by a "Robo-Signer"), *with* Opp'n 3 (stating as a matter of fact that "MERS assigned the DOT to HSBC Bank USA, [N.A.] . . . via a corporate assignment of deed of trust, recorded on November 24, 2010").) Whatever the case may be, these are precisely the sort of issues that preclude judgment at this stage, whether on the pleadings or by summary evidence.

## V. CONCLUSION

For the aforementioned reasons, Ho's Motion for Judgment on the Pleadings or Alternatively, Summary Judgment is **DENIED**. (ECF No. 53.)

**IT IS SO ORDERED.**

October 23, 2020

_____
           **OTIS D. WRIGHT, II**
    **UNITED STATES DISTRICT JUDGE**