O

# United States District Court
# Central District of California

| | |
|---|---|
| VIEN PHUONG THI HO,<br><br>        Plaintiff,<br><br>      v.<br><br>NATIONSTAR MORTGAGE, LLC, et al.,<br><br>        Defendants. | Case № 2:19-cv-10532-ODW (JPRx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS [60]** |

## I.    INTRODUCTION

*Pro se* Plaintiff Vien Phuong Thi Ho brings this action for, among other things, fraudulent lending and debt collection practices against Defendants Nationstar Mortgage, LLC d/b/a Mr. Cooper (additionally sued erroneously as Nationstar Mortgage Holdings Inc., and Mr. Cooper Group Inc.) ("Nationstar"); HSBC Bank USA, N.A. (additionally sued erroneously as HSBC Bank USA, N.A. CTLA HSBC Bank USA Corp Trust and Loan Agency) ("HSBC"); Mortgage Electronic Registration Systems, Inc. ("MERS"); and Affinia Default Services, LLC ("Affinia") (collectively, "Defendants"). (*See* Compl., ECF No. 1.) Nationstar, HSBC, and MERS filed a joint Answer to the Complaint on February 14, 2020. (Nationstar Answer, ECF No. 33.) Affinia filed its Answer to the Complaint on February 21, 2020. (Affinia Answer, ECF No. 43.)

Presently before the Court is a Motion for Judgment on the Pleadings filed by Nationstar, HSBC, and MERS.[1] (Mot. J. Pleadings ("Motion" or "Mot."), ECF No. 60.) Ho opposes the Motion, (Opp'n, ECF No. 66), and Defendants did not file a reply brief. As explained below, Defendants' Motion is **GRANTED**, and Ho's Complaint is **DISMISSED with leave to amend**.[2]

## II.   REQUEST FOR JUDICIAL NOTICE

Defendants request that the Court take judicial notice of two case dockets downloaded from PACER for the following cases: (1) *Ho v. Bank of America N.A.*, No. 2:10-cv-00741 (C.D. Cal.) ("Countrywide Action"); and (2) *In re Ho*, No. 2:10-bk-42200-RN (Bankr. C.D. Cal.) ("Bankruptcy Action"). (Req. Judicial Notice ("RJN") 2, ECF No. 61.) A court may take judicial notice of court filings and other matters of public record. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (noting that a court may take judicial notice of "undisputed matters of public record"); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of pleadings, memoranda, and other court filings); *see also United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (noting judicial notice of proceedings in other courts is proper "if those proceedings have a direct relation to matters at issue."). Also, the Court "may take judicial notice on its own." Fed. R. Evid. 201(c)(1).

Here, the Court finds that the documents and orders filed in the prior actions cited above "have a direct relation to matters at issue" in this case. *Black*, 482 F.3d at 1041. Thus, only to the extent the Court relies on any filings or orders in the prior actions cited above, the Court hereby takes judicial notice of those documents. The Court does not, however, take judicial notice of reasonably disputed facts in the judicially noticed documents. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

---

[1] Affinia joins in the Motion. (Affinia Joinder Mot., ECF No. 62.)

[2] After carefully considering the papers filed in connection with the Motions, the Court deemed the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## III. BACKGROUND

On or around June 23, 2007, Ho borrowed $548,000 (the "Loan") to refinance real property located in Long Beach, California (the "Subject Property"), which she secured by a Deed of Trust. (*See* Compl. ¶¶ 16–18, Ex. A ("Deed of Trust" or "DOT").) The DOT lists: Countrywide Bank, FSB ("Countrywide") as the lender; ReconTrust Company, N.A. ("ReconTrust") as the trustee; and MERS as the beneficiary. (*Id.* Ex. A.) In November 2010, MERS assigned the DOT to HSBC via a corporate assignment. (*Id.* Ex. B.)

In February 2010, after ReconTrust sent Ho a notice of default on the Loan, Ho initiated the Countrywide Action against Bank of America, N.A. ("BofA"), Countrywide, and ReconTrust, asserting twenty-one claims related to the origination, servicing, and foreclosure of the Loan. *See* Countrywide Action, Dkt. No. 1.[3] After multiple amendments, Ho's claims were eventually dismissed with prejudice in the Countrywide Action. *See id.*, Dkt. Nos. 35, 46, 47, 55.

On January 11, 2011, while the Countrywide Action was still pending, the U.S. Bankruptcy Court for the Central District of California granted Ho a Chapter 7 Discharge of all prior debts, including the Loan. (Compl. ¶ 19, Ex. C.)

In 2017, the Ninth Circuit affirmed dismissal of the claims in the Countrywide Action with the exception of Ho's TILA rescission claim, which was remanded to the district court. *See* Countrywide Action, Dkt. No. 75. On remand, BofA moved for summary judgment on the remaining TILA claim, and on December 14, 2018, the parties in the Countrywide Action agreed to a joint stipulation of dismissal with prejudice. *See id.*, Dkt. Nos. 131, 138.

---

[3] In the Countrywide Action, Ho asserted claims for violations of the Fair Debt Collection Practices Act ("FDCPA"), the Truth in Lending Act ("TILA"), the Racketeer Influenced and Corrupt Organizations Act ("RICO"), California's Unfair Competition Law ("UCL"), and Ho's civil rights, as well as claims for fraud, negligence, quiet title, conspiracy, unjust enrichment, and injunctive and declaratory relief. *See* Countrywide Action, Dkt. No. 1.

Meanwhile, in December 2013, Ho received a letter from Nationstar explaining that BofA transferred the servicing of her Loan to Nationstar. (Compl. Ex. 1.) Later, in October 2019, on Nationstar's behalf, Affinia issued Ho a Notice of Default and Election to Sell Under Deed of Trust relating to the Subject Property. (*Id.* Ex. E ("Notice").) The Notice explains that Affinia is "either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated 06/23/2007, executed by [Ho] . . . to secure certain obligations in favor of [MERS] as nominee for Countrywide Bank, FSB, its successors and assigns." (*Id.*)

Now, Ho alleges that the Notice "was falsely recorded in favor of an 'imaginary loan' created by [D]efendants in 2013 which was never executed by [P]laintiff with [D]efendants." (*Id.* ¶ 21.) Specifically, Ho claims that "[b]eginning in early 2013 and continuing to 2019 . . . Nationstar . . . initiated a mortgage scam and illegal scheme to collect a discharged debt and/or resurrect a mortgage debt that formerly discharged two years earlier and/or settled with [Countrywide]." (*Id.* ¶ 22.) Based on these allegations, Ho asserts various causes of action alleging that Defendants engaged in various fraudulent lending and collection schemes, and she seeks a total of $12,110,000 in damages. (*See Id.* at 48–49; *see also* Ho's Mot. J. Pleadings 6–8, ECF No. 53 (clarifying the gravamen of Ho's Complaint).) Defendants move for judgment on the pleadings. (*See generally* Mot.)

## IV. LEGAL STANDARD

After the pleadings are closed, but within such time as to not delay the trial, any party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). When ruling on a motion for judgment on the pleadings, "[a]ll allegations of fact by the party opposing the motion are accepted as true" and are construed in the light most favorable to that party. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). Judgment on the pleadings is appropriate "when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled

to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

Because Rule 12(c) motions and Rule 12(b)(6) motions are "functionally identical," the same standard of review applies to both. *Dworkin v. Hustler Magazine Inc.*, 856 F.2d 1188, 1192 (9th Cir. 1989). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

If judgment on the pleadings is appropriate, a court has discretion to grant the non-moving party leave to amend, grant dismissal, or enter a judgment. *See Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004); *see also* Fed. R. Civ. P. 15(a)(2) ("The Court should freely give leave when justice so requires."). Reasons to deny leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." *Leadsinger, Inc. v. BMC Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (brackets omitted) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## V.   DISCUSSION

Defendants move for judgment on the pleadings on the grounds that (1) Ho's claims are barred by *res judicata*, and (2) Ho fails to state a claim. (*See generally* Mot.) The Court addresses these arguments in turn.

### A.   *Res Judicata*

In general, *res judicata* bars lawsuits based on "any claims that were raised or could have been raised in a prior action." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (emphasis and internal quotation marks omitted). Thus, *res judicata* applies where there is: "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (quoting *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1143 n. 3 (9th Cir. 2002)). As to the first element, identity of claims, courts consider whether: (1) "the two suits arise out of the same transactional nucleus of facts;" (2) "rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action;" (3) "the two suits involve infringement of the same right;" and (4) "substantially the same evidence is presented in the two actions." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005).

Here, Defendants fail to establish an identity of claims between the present action and the Countrywide Action, and the Court cannot say definitively whether *res judicata* applies. Defendants insist that an identity of claims exists because in both cases, Ho asserts "her right to the Subject Property" and alleges "that the defendants seek to foreclose on the Subject Property without . . . having a right to do so." (Mot. 5.)[4] However, it does not appear certain that the two suits arise out of the same transactional nucleus of facts. Although the nature of Ho's claims remains largely unclear as

---

[4] The Court notes that Defendants cite several cases applying California *res judicata* law, but those cases are inapplicable here because the Countrywide Action occurred in federal court, not California state court, and was brought on the basis of a federal question. *See Heiser v. Woodruff*, 327 U.S. 726, 733 (1946) ("[I]n non-diversity cases . . . federal courts will apply their own rule of res judicata.").

explained below, it appears that the Countrywide Action arose out of a notice of default issued by ReconTrust on March 26, 2009, while the present action arises out of the Notice issued by Affinia in October 2019.  *See* Countrywide Action, Dkt. No. 1; (*see also* Notice).  Moreover, while the majority of Ho's Complaint is confusing or outright unintelligible, it is clear enough that she claims Defendants have completely and fraudulently manufactured documents in order to pretend that they have an ownership interest in the Subject Property as Ho's creditors, when they do not.  This issue could not have been litigated previously, and it was not.  Thus, Defendants have not established that *res judicata* bars Ho's claims.  The Court acknowledges, however, that it may misunderstand the nature of Ho's Complaint; thus, the issue of *res judicata* is not necessarily foreclosed to future consideration.

**B.      Failure to State a Claim**

Notwithstanding the above, Ho fails to state a claim upon which relief may be granted because she fails to satisfy the plain statement requirement of Rule 8.  *See* Fed. R. Civ. P. 8(a)(2) (requiring at least "a short and plain statement of the claim showing that the pleader is entitled relief").

Ho fails to clearly identify her causes of action—although she lists them in multiple portions of the Complaint—sometimes listing four causes of action, and other times listing thirteen. (*Compare, e.g.*, Compl. 7 (listing four causes of action), *with id.* at 3 (listing thirteen causes of action).)  As best as the Court can discern, Ho brings claims for: (1) fraud; (2) violations of the FDCPA; (3) violations of RICO based on fraud; (4) declaratory judgment; (5) fraud (again); (6) negligent misrepresentation; (7) violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"); (8) declaratory judgment (again); (9) fraudulent deceit under California Civil Code sections 1572, 1709, and 1710; (10) civil conspiracy to commit fraud; (11) cancellation of written instrument under California Civil Code section 3412; (12) violation of California's Consumers Legal Remedies Act; and (13) invasion of privacy and unjust enrichment.  (*See* Compl. 3.)

Ho's Complaint is verbose, confusing, distracting, ambiguous, at several points unintelligible, and largely irrelevant or entirely conclusory. Rule 8 precludes the filing of such complaints. *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (collecting cases). As the Ninth Circuit has explained:

> Prolix, confusing complaints . . . impose unfair burdens on litigants and judges. As a practical matter, the judge and opposing counsel, in order to perform their responsibilities, cannot use a [prolix, confusing] complaint . . . and must prepare outlines to determine who is being sued for what. Defendants are then put at risk that . . . plaintiffs will surprise them with something new at trial which they reasonably did not understand to be in the case at all, and that res judicata effects of settlement or judgment will be different from what they reasonably expected. . . . The judge wastes half a day in chambers preparing the "short and plain statement" which Rule 8 obligated plaintiffs to submit. He then must manage the litigation without knowing what claims are made against whom. This leads to discovery disputes and lengthy trials, prejudicing litigants in other case[s] who follow the rules, as well as defendants in the case in which the prolix pleading is filed.

*McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir. 1996); *see also Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (affirming a Rule 8(a) dismissal of a complaint that "exceeded 70 pages in length, [and was] confusing and conclusory").

Relatedly, Defendants suggest that Ho's Complaint is a "shotgun pleading." (Mot. 1.) The Court agrees. As another court in this district has stated:

> Shotgun pleadings are pleadings that overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations. They are unacceptable. . . . [P]laintiffs must give the defendants a clear statement about what the defendants allegedly did wrong. . . . One common type of shotgun pleading comes in cases with multiple defendants where the plaintiff uses the omnibus term "Defendants" throughout a complaint by grouping defendants together without identifying what the particular defendants specifically did wrong. Another type is where the plaintiff recites a collection of general allegations toward the beginning of the Complaint, and then each count incorporates every antecedent

> allegation by reference. . . .   This shotgun pleading style deprives Defendants of knowing exactly what they are accused of doing wrong.

*Sollberger v. Wachovia Secs., LLC*, No. SACV 09-0766 AG (ANx), 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010) (internal quotation marks omitted).

Here, Ho filed a fifty-seven-page Complaint, accompanied by 159 pages of exhibits labeled as Exhibits A–F and Exhibits 1–13. (*See generally* Compl.)  But the Complaint and exhibits make for an unnecessarily tangled web of documents that obfuscate critical details within Ho's allegations.  For the following reasons, the Court finds that Ho's Complaint falls short of the Rule 8(a) standard.

First, Exhibit F is a twelve-page document titled "Complaint for Fraud," which appears to be a second complaint against Defendants that was not ever filed as a proper complaint.  (*See* Compl. Ex. F.)  Exhibits 1–13 and Exhibits A–E appear to be attached to Exhibit F *and* to the operative Complaint.  (*See generally id.*; Compl.)  Filing multiple "complaints" in this manner is extremely confusing and distracting, and it is not permitted.

Second, Ho repeatedly incorporates the exhibits "by reference" in each cause of action, rendering it impossible to discern what exactly is being alleged.  (*See, e.g.*, Compl. ¶ 176 ("Plaintiff incorporates the fraud claims setforth [sic] in Exhibit F and 1 thru Exhibit 13 and realleges each allegation above as if fully set forth herein,"); *id.* ¶ 182 ("Plaintiff incorporates Exhibit 1 thru Exhibit 13, Exhibit F – The Fraud Claims and realleges each allegation above as if fully set forth herein,").  It is not acceptable to incorporate a hundred pages of exhibits, (including an entire second "complaint"), and every preceding allegation, into each and every cause of action.  This "shotgun" style of pleading does not meet the requirements of Rule 8(a).

Third, the Complaint includes countless references to the various exhibits in puzzling and unhelpful ways.  For example, Paragraph 35 alleges:

> On or about May 24, 2017, plaintiff got a fraudulent letter letting her know that the 12 month interest rate stayed the same ends on and 07/01/17 [sic]; whereby this letter purport [sic] show that the total monthly payment of

> $2066.79 before 07/01/17 and after will be $3,780.12, [sic] ". . [sic] your interest rate and monthly payment may change every 12month(s) [sic] for the life of your loan; [sic] This letter was also a fraud and this fraud is more particularly described in Exhibit #4 which is attached hereto and made a part hereof.

(Compl. ¶ 35.)[5] This allegation is both confusing and conclusory, and the citation to Exhibit 4 is of little help. Exhibit 4 simply consists of copies of two letters from Nationstar to Ho, the first explaining that Nationstar's name had changed to "Mr. Cooper," and the second explaining that Ho's new interest rate on her adjustable rate mortgage would be increasing from 3.5% to 4%. (*See id.* Ex. 4.) Ho cannot simply call the letters "fraud" without further alleging facts that show the letters are actually fraudulent. Otherwise, her allegations are merely conclusory and need not be accepted as true at the pleading stage. *See Sprewell*, 266 F.3d at 988.

Fourth, the majority of Ho's allegations are entirely conclusory and not plausible. For example, Ho alleges in her RICO cause of action that she suffered injury to her personal and business property in the form of:

- Loss of Real Property,
- Loss of Future Profits & Equity,
- Losses due to Theft,
- Losses due to embezzlement,
- Financial Losses due to fraud,
- Losses Due [sic] Computer Fraud,
- Financial Losses exceeding $1 Million (+),
- Losses due to Accounting & Financial Fraud
- Losses due to racketeering,
- Losses due to money laudering [sic] activity,

---

[5] Although the Court is generally not concerned with typographical or grammatical errors, the abundance of confusing, unintelligible, and/or conclusory allegations such as this renders the Complaint unduly burdensome to decipher. *See Cordas v. Countrywide Home Loans, Inc.*, No. SACV 11-1688 AG (JPRx) ("[A]n exception is appropriate here because of the pervasiveness of these errors and impact they have on the substance of the Complaint.").

- Property Losses due to Bankruptcy Fraud, and
- Financial Loss Due to Securities Fraud.

(Compl. ¶ 115.) But Ho does not allege any facts to support most, if not all, of these purported injuries. The Complaint lacks any facts supporting theories of theft, embezzlement, computer fraud, money laundering, or securities fraud, just to name a few. Ho cannot simply "check all of the boxes" and expect Defendants and the Court to sort out which of her allegations, if any, have merit. If Defendants truly are liable for all of these alleged wrongs, Ho must allege enough facts to render such allegations plausible on their face.

Lastly, the Court acknowledges that Ho's main argument appears to be that Defendants could not have an interest in the Subject Property because her debts were discharged in her bankruptcy proceedings. (*See* Compl. 51–57 (setting forth a "Short History" of the case titled "Debt Harassment Committed by Nationstar [] After A Bankruptcy Chapter 7 Discharge").) If that is the essence of Ho's Complaint, Defendants are correct that she cannot prevail on such a theory, because even if the Chapter 7 bankruptcy discharged Ho's personal liability on the Loan, her creditor's "right to foreclose on the mortgage survives or passes through the bankruptcy." *See Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991); *see also* 11 U.S.C. §§ 522(c)(2), 524(a)(1). However, if that is *not* the essence of Ho's claims, she must say so in a short and plain fashion that does not confuse and overwhelm Defendants and the Court. *See* Fed. R. Civ. P. 8(a).

"Although pro se litigants, such as Plaintiff, are not held to the same pleading standards as attorneys, any complaint must be sufficiently clear to advise a named defendant of the law he has allegedly violated and of the facts demonstrating that violation." *Nicolescu v. United Nations Org.*, No. CV 04-2720 NM, 2005 WL 8156275, at *2 (C.D. Cal. Feb. 2, 2005) (emphasis omitted) (citing *Richards v. Harper*, 864 F.2d 85, 88 (9th Cir. 1988)). "There is a limit to the indulgence of the law, and even a pro se complaint is subject to dismissal if the pleading fails to reasonably inform

the adverse party of the basis for the cause of action." *Id.* (brackets omitted) (quoting *In re "Santa Barbara Like It Is Today" Copyright Infringement Litig.*, 94 F.R.D. 105, 108 (D. Nev. 1982)).

## VI.   CONCLUSION

For the aforementioned reasons, Defendants' Motion for Judgment on the Pleadings is **GRANTED**.  (ECF No. 60.)  Ho's Complaint is **DISMISSED with leave to amend**.  Ho may file a First Amended Complaint **no later than twenty-eight days from the date of this Order**, but Ho is warned that she may not file another shotgun style pleading, or else it may be dismissed with prejudice.  *See Schmidt*, 614 F.2d at 1223–24 (affirming dismissal with prejudice for failure to obey a court order to file a short and plain statement of the claim as required by Rule 8).  Any amended complaint must include short and plain statements setting forth each claim against Defendants, identifying facts to support every element of each claim, in non-conclusory fashion. Merely saying that every document she received is "fraudulent" will not suffice.[6]

**IT IS SO ORDERED.**

December 29, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

---

[6] The Local Rules are available at http://www.cacd.uscourts.gov/court-procedures/local-rules.  The Court may not provide legal advice to any party, including pro se litigants.  There is a "Pro Se Clinic" located in the Roybal Federal Building and Courthouse, 255 East Temple Street, Suite 170, Los Angeles, CA 90012, that can provide information and assistance regarding civil litigation in this Court. The clinic is administered by Public Counsel, a public interest law firm, and it is open **by appointment only** to members of the public on Mondays, Wednesdays, and Fridays from 9:30 a.m. to 12:00 p.m., and 2:00 p.m. to 4:00 p.m.  Additional information for pro se litigants can be found on the Court's website at http://prose.cacd.uscourts.gov/.