O
JS-6

# United States District Court
# Central District of California

VIEN PHUONG THI HO,

    Plaintiff,

    v.

NATIONSTAR MORTGAGE, LLC, et al.,

    Defendants.

Case № 2:19-cv-10532-ODW (JPRx)

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT [84]**

## I. INTRODUCTION

*Pro se* Plaintiff Vien Phuong Thi Ho brings a First Amended Complaint ("FAC") for, among other things, fraudulent lending and debt collection practices against Defendants Nationstar Mortgage, LLC d/b/a Mr. Cooper (additionally sued erroneously as Nationstar Mortgage Holdings Inc., and Mr. Cooper Group Inc.) ("Nationstar"); HSBC Bank USA, N.A. (additionally sued erroneously as HSBC Bank USA, N.A. CTLA HSBC Bank USA Corp Trust and Loan Agency) ("HSBC"); Mortgage Electronic Registration Systems, Inc. ("MERS"); and Affinia Default Services, LLC ("Affinia") (collectively, "Defendants"). (*See* FAC, ECF No. 1.)

Nationstar, HSBC, and MERS move to dismiss the FAC. (Mot. Dismiss ("Motion" or "Mot."), ECF No. 84.) Affinia also joins the Motion. (Affinia Joinder in

Mot., ECF No. 86.) For the reasons that follow, Defendants' Motion is **GRANTED with prejudice**.[1]

## II. BACKGROUND

The Court has detailed the facts underlying this action in a prior Order and hereby incorporates that discussion by reference. (*See* Order Granting Defs.' Mot. J. Pleadings 3–4, ECF No. 80.) The relevant facts do not appear to have changed from Plaintiff's initial Complaint. On or around June 23, 2007, Plaintiff borrowed $548,000 (the "Loan") to refinance real property located in Long Beach, California (the "Subject Property"), which she secured by a Deed of Trust. (*See id.*) On January 11, 2011, Plaintiff received a Chapter 7 bankruptcy discharge which relieved her of personal liability for prior debts, including the loan. (*See id.*) Because a creditor's right to foreclose on a mortgage passes through bankruptcy, however, Defendants continued to seek collection on the Loan and ultimately moved to foreclose on the Subject Property. (*See id.*) Plaintiff alleges that all of Defendants' conduct has been fraudulent. (*See id.*)

## III. LEGAL STANDARD

A court may dismiss a complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). But factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Testing the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial

---

[1] After carefully considering the papers filed in connection with the Motions, the Court deemed the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

experience and common sense." *Iqbal*, 556 U.S. at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A court dismissing a complaint should provide leave to amend if the complaint could be saved by amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *see also* Fed. R. Civ. P. 15(a)(2) ("The Court should freely give leave when justice so requires."). Reasons to deny leave to amend include "bad faith, undue delay, prejudice to the opposing party, and/or futility." *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (quoting *William O. Gilly Enters. v. Atl. Richfield Co.*, 588 F.3d 659, 669 n.8 (9th Cir. 2009)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

## IV. DISCUSSION

Defendants offer numerous grounds for dismissing the FAC. (*See generally* Mot.) Without unnecessarily addressing each ground for dismissal raised in the Motion, the Court **GRANTS** the Motion for the following two reasons.

### A. Failure to Timely Oppose

Plaintiff's Opposition was not timely filed. (*See* Reply to Non-Opposition, ECF No. 85.) "The failure to file [an opposition], or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ." C.D. Cal. L.R. 7-12; *see Hines v. Toyota Motor Sales, U.S.A., Inc.*, 504 F. App'x 642, 643 (9th Cir. 2013) (affirming grant of unopposed motion to dismiss, based on Local Rule 7-12). Before granting an unopposed motion, courts must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

*Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).  The first factor always weighs in favor of dismissal, *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999), and the fourth factor often weighs against dismissal, *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998).

Here, the Court finds that the first, second, and third *Ghazali* factors weigh in favor of dismissing the Motion as unopposed, in part because Plaintiff has been warned that even *pro se* plaintiffs must comply with the Federal Rules of Civil Procedure and the Court's Local Rules.  (*See* Order Denying Pl.'s Ex Parte Appls. 3, ECF No. 72; Order Granting Defs.' Mot. J. Pleadings 12 n.6.)  Indeed, this is not the first time Plaintiff has failed to timely oppose a motion.  (*See* Defs.' Reply to Non-Opp'n ISO Defs.' Mot. J. Pleadings, ECF No. 65.)  Additionally, the Court finds that the fourth and fifth *Ghazali* factors do not necessarily weigh against dismissal, either, because Plaintiff's FAC otherwise lacks merit, as discussed below.  Accordingly, the Court finds that dismissal of the FAC for failure to oppose the Motion is warranted in this case.  *See* C.D. Cal. L.R. 7-12.

**B.     Failure to Comply with Rule 8(a)**

Even if Plaintiff had timely opposed the Motion, the FAC must be dismissed. The Court previously dismissed Plaintiff's initial Complaint for failure to satisfy the plain statement requirement of Rule 8(a).  (*See* Order Granting Defs.' Mot. J. 7–12); *see also* Fed. R. Civ. P. 8(a)(2) (requiring at least "a short and plain statement of the claim showing that the pleader is entitled relief").  Defendants now move to dismiss the FAC because, among other reasons, the FAC "does nothing to cure the fatal deficiencies" that resulted in the Court dismissing the initial Complaint. (Mot. 8.)  The Court agrees.

Plaintiff's FAC (with attachments thereto) is extremely similar in formatting and substance to the initial Complaint.  Again, Plaintiff brings thirteen claims against Defendants, this time for: (1) quiet title; (2) violations of the Fair Debt Collection Practice Act ("FDCPA"); (3) violations of the Rosenthal Fair Debt Collection Practices

Act ("RFDCPA"); (4) cancellation of written instrument under California Civil Code section 3412; (5) fraud; (6) negligent misrepresentation; (7) violations of California's Consumer Legal Remedies Act ("CLRA"); (8) wrongful foreclosure; (9) invasion of privacy; (10) slander of title; (11) intentional infliction of emotional distress ("IIED"); (12) violation of California's Unfair Competition Law ("UCL"); and (13) declaratory judgment. (*See* FAC 4.)

Plaintiff's FAC is just as "verbose, confusing, distracting, ambiguous, at several points unintelligible, and largely irrelevant or entirely conclusory" as was the initial Complaint. (*See* Order Granting Defs.' Mot. J. Pleadings 8.) Rule 8 precludes the filing of such complaints. *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (collecting cases). As the Ninth Circuit has explained:

> Prolix, confusing complaints . . . impose unfair burdens on litigants and judges. As a practical matter, the judge and opposing counsel, in order to perform their responsibilities, cannot use a [prolix, confusing] complaint . . . and must prepare outlines to determine who is being sued for what. Defendants are then put at risk that . . . plaintiffs will surprise them with something new at trial which they reasonably did not understand to be in the case at all, and that res judicata effects of settlement or judgment will be different from what they reasonably expected. . . . The judge wastes half a day in chambers preparing the "short and plain statement" which Rule 8 obligated plaintiffs to submit. He then must manage the litigation without knowing what claims are made against whom. This leads to discovery disputes and lengthy trials, prejudicing litigants in other case[s] who follow the rules, as well as defendants in the case in which the prolix pleading is filed.

*McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir. 1996); *see also Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (affirming a Rule 8(a) dismissal of a complaint that "exceeded 70 pages in length, [and was] confusing and conclusory").

Defendants suggest that the FAC is another "shotgun pleading" by Plaintiff. (Mot. 7.) The Court agrees. As another court in this district has stated:

> Shotgun pleadings are pleadings that overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for

> defendants to make informed responses to the plaintiff's allegations. They are unacceptable. . . . [P]laintiffs must give the defendants a clear statement about what the defendants allegedly did wrong. . . . One common type of shotgun pleading comes in cases with multiple defendants where the plaintiff uses the omnibus term "Defendants" throughout a complaint by grouping defendants together without identifying what the particular defendants specifically did wrong. Another type is where the plaintiff recites a collection of general allegations toward the beginning of the Complaint, and then each count incorporates every antecedent allegation by reference. . . . This shotgun pleading style deprives Defendants of knowing exactly what they are accused of doing wrong.

*Sollberger v. Wachovia Secs., LLC*, No. SACV 09-0766 AG (ANx), 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010) (internal quotation marks omitted).

This time, Plaintiff filed a fifty-six-page FAC, accompanied by 166 pages of attachments which include several exhibits labeled as Exhibits A–F and Exhibits 1–13. (*See* FAC; Supplement to FAC, ECF No. 83-1; Ex. to FAC, ECF No. 83-2; Exs. A–F to FAC, ECF No. 83-3; Exs. 1–6 to FAC, ECF No. 83-4; Exs. 7–13 to FAC, ECF No. 83-5.) Just as before, the FAC and exhibits make for an unnecessarily tangled web of documents that obfuscate critical details within Plaintiff's allegations. For instance, Plaintiff once again attaches an "Exhibit F" to the FAC—a thirteen-page document titled "Complaint for Fraud," which appears to be a second complaint against Defendants that was never filed. (*See* FAC Ex. F.) And again, Exhibits 1–13 and Exhibits A–E appear to be attached to Exhibit F *and* to the operative Complaint. (*See generally id.*; FAC.) The Court has already explained to Plaintiff that filing multiple "complaints" in this manner is extremely confusing and distracting, and it is not permitted. (*See* Order Granting Defs.' Mot. J. Pleadings 9.)

Furthermore, Plaintiff again repeatedly incorporates the exhibits "by reference" throughout the FAC, rendering it impossible to discern what exactly is being alleged. (*See, e.g.*, FAC ¶ 9 ("The preceding paragraphs and Exhibit 'F' – fraud exhibits and supplemental fraud pleadings are incorporated herein by reference as if fully setout [sic] herein."); *id.* ¶¶ 13, 23, 40, 56, 59, 60–64, 73, 75, 78.) The Court has already explained

to Plaintiff that it is not acceptable to incorporate over a hundred pages of exhibits, (including an entire second "complaint"), and every preceding allegation, into each and every cause of action because this "shotgun" style of pleading does not meet the requirements of Rule 8(a).  (*See* Order Granting Defs.' Mot. J. Pleadings 9.)

Moreover, the majority of Plaintiff's allegations are once again entirely conclusory and not plausible.  The Court previously warned Plaintiff: "Any amended complaint must include short and plain statements setting forth each claim against Defendants, *identifying facts to support every element of each claim, in non-conclusory fashion.  Merely saying that every document she received is 'fraudulent' will not suffice.*"  (*Id.* at 12 (emphasis added).)  Yet this is precisely what Plaintiff does in the FAC.  (*See generally* FAC.)

Lastly, the Court again acknowledges that Plaintiff's main argument appears to be that Defendants could not have an interest in the Subject Property because her debts were discharged in her bankruptcy proceedings.  (*See* Supplement to FAC (setting forth a "Short History" of the case titled "Debt Harassment Committed by Nationstar . . . After A Bankruptcy Chapter 7 Discharge").)  The Court has already explained to Plaintiff that if this is the essence of her case, Defendants are correct that she cannot prevail on such a theory, because even if the Chapter 7 bankruptcy discharged Plaintiff's personal liability on the Loan, her creditor's "right to foreclose on the mortgage survives or passes through the bankruptcy."  (*See* Order Granting Defs.' Mot. J. Pleadings 11 (quoting *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991); 11 U.S.C. §§ 522(c)(2), 524(a)(1)).)

## V.   CONCLUSION

For all the aforementioned reasons, Defendants' Motion to Dismiss the FAC is **GRANTED**.  (ECF No. 84.)  Regarding leave to amend, the Court previously warned Plaintiff that she "may not file another shotgun style pleading, or else it may be dismissed with prejudice."  (*See* Order Granting Defs.' Mot. J. Pleadings 12); *see also Schmidt v. Herrmann*, 614 F.2d 1221, 1223–24 (9th Cir. 1980) (affirming dismissal

with prejudice for failure to obey a court order to file a short and plain statement of the claim as required by Rule 8).  Also, to the extent Plaintiff's claims are decipherable and not merely conclusory, they appear to rely on a flawed legal theory which cannot be cured by amendment.  *See Manzarek*, 519 F.3d at 1031.  Accordingly, the Court finds that amendment would be futile, would cause undue delay, and would unduly prejudice Defendants.  *See Serra*, 600 F.3d at 1200.  Thus, the FAC is **DISMISSED WITH PREJUDICE**.  The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

April 9, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**